FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL ' 1· 2 ..2023

KEVIN P. WEIMER, Clerk
By:
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORIGA
## ATLANTA DIVISION

Deandre Arnold, )
　　　　Plaintiff, )
 )
 )
v. )　　　　CIVIL ACTION NO.
 )　　　　1:23-CV-2219-JPB
 )
 )
 )
Brian Kemp et al., )
　　　　Defendants. )
 )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT COOPER'S MOTION TO DISMISS

Pursuant to Local Rule 7.1(B), N.D. Ga., Plaintiff, Deandre Arnold ("Arnold") submits this Response in opposition to Defendant Tabatha Cooper's ("Defendant Cooper") Motions to Dismiss. Viewing the Complaint, Defendant Cooper's arguments weigh short on the scale against the bulk of the fundamental claims Plaintiff argues more fully below. Because Plaintiff states a claim upon which relief can be granted against this Defendant that are indeed plausible her motion should be denied, and Plaintiff allowed to proceed to this next stage of this case.

## FACTUAL BACKGROUND

On 12/7/2021, the Plaintiff would file an Amended Notice of Appeal in a custody modification action against an order entered in by Georgia judge Brian Amero on 10/7/2021 (1) granting relocation of his minor child to the State of Florida, (2) the entry of a Child Support Addendum and (3) the denial of a recusal motion. [Doc. 1. Par. 136] This appeal was later docketed in the Appellate court on 4/26/2022. [Id. Par. 139] On 1/19/2023, the Court of Appeals issued an opinion affirming those rulings. [Id. Par. 142] On 1/26/2023, Plaintiff filed a Motion

for Reconsideration against that order which was denied by Defendant Appellate Justices on

2/1/2023. [Id. Par. 145-146] After further proceedings, on 2/13/2023, Plaintiff filed a Motion to

disqualify justices who presided over his appeal. [Id. Par. 175] On 2/15/2023, Defendant

Appellate Justices entered an "order" denying that motion. [Id. Par. 179] On 2/21/2023, six (6)

days after that denial, Plaintiff filed a Writ of Certiorari in the Georgia Supreme court. *See*

*Arnold v. Patterson, S23C0642*. [Id. Par. 207] On 2/26/2023, Plaintiff then attempted to file a

Motion to reconsider the denial of the 2/15/2023 "order" denying his motion to reconsider,

however, Defendant Cooper refused to file his motion because she stated it was submitted

without permission to file a second motion for reconsideration in violation of Court of Appeals

Rules 27(a) and 37(d). [Id. Par. 205] Plaintiff then clarified that his motion for reconsideration

however was in reference to the denial of a disqualification motion entered in on 2/15/2023 and

not the recent opinion affirming the lower court decision in this case on 1/19/2023 – and did not

need permission to file a second motion for reconsideration. [Id. Par. 206] After a day surpassed,

Defendant Cooper then stated that his Writ of Certiorari divested the Court of Appeals of

jurisdiction over the case and refused to file his Motion to reconsider. [Id. Par. 207] Plaintiff then

filed a petition for mandamus against Defendant Cooper in the Georgia Supreme Court, asking

the Court to order her to file his motion. [Id. Par. 225] But as Defendants alleged, the Georgia

Supreme Court dismissed the petition. Case No. S23O0904 [Doc. 1. Par. 2] On 5/17/2023, this

action was filed by Plaintiff asserting 4 claims against Defendant Cooper. Excluding (1)

declaratory relief, **(2) Count 2** is for Breach of a social compact or contract (3) **Count 4** is a 1st

and 14th Amendment claim and a Fourteenth Amendment procedural and substantive due process

claim; (4) **Count 5** is for § 1983 conspiracy; (5) Count 6 is for Intentional Infliction of

Emotional Distress; (6) Count 7 is for Attorney fees. The court should deny Defendant's Motion.

## I.  ARGUMENT AND CITATION OF AUTHORITY

### A.  FEDERAL STANDARD FOR MOTION TO DISMISS

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)* (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly, 550 U.S. at 555.* In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. *See Goodman v. COLUMBUS REGIONAL HEALTH CARE SYSTEM, INC,. Dist. Court, MD Georgia 2022.* "The Court **favors the plaintiff** with all reasonable inferences from the allegations in the complaint." *Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).* Additionally, "Pro Se pleadings are liberally construed and held to less stringent standards." *Jones v. Fla Parole Comm'n, 727 F.3d 1105, 1107 (11ᵗʰ Cir. 2015).* The "Defendants" defenses fail as a matter of law as Plaintiff in fact states a claim upon which relief can be granted that are plausible as more fully alleged below.

### A.  PLAINTIFF STATES A BREACH OF CONTRACT - CONTRACTUAL OBLIGATION - LEGAL OBLIGATION AND LEGAL DUTY CLAIM AGAINST DEFENDANT COOPER

"Government is instituted for the protection, security, and benefit of the People." *See Georgia Constitution Art. I Section II Par. II*. That the framers formed our constitutional compact for the "benefit of the People" cannot be disputed.[1] Plaintiff alleged that he is the beneficiary of the Georgia and U.S. Constitution (compacts) – and that Defendant Cooper is

---

[1] It was also James Madison that proposed an Amendment to the Constitution that "[T]he Government is instituted and ought to be exercised for the **benefit** of the People." 1ˢᵗ Congress, 1ˢᵗ Session, June 8ᵗʰ, 1789, pg. 451-453.

bound by contract with the beneficiaries as a result of her oath. [Doc. 1. Par. 40-41, 450]. The

Plaintiff further alleged that Defendant Cooper having taken such oath, with malice or reckless

disregard for his rights, refused to file Plaintiff's Motion to reconsider in response to the denial

of a recusal motion of Defendant Appellate Court Justices in Georgia's Appellate Court and in

doing so, breached her legal duties and obligations owed to Plaintiff in the social compact. [Id.

Par. 63, 458, 494, PG. 115] Plaintiff states that these duties are "[S]tate's obligations under the

Fourteenth Amendment... not simply generalized ones... the State **owes to each individual** that

process which, in light of the values of a free *society*, can be characterized as *due*." *Boddie v.*

*Connecticut. 401 US. 371 (1971)*. Plaintiff argues what was *due* here was Defendant Cooper's

ministerial duties in filing Plaintiff's Motion to reconsider for a grievance he had in the Appeals

court. Plaintiff states that Defendant Cooper's oath was contract and an "[E]xpression of the

individuals allegiance **to the principles embodied in that document.**" *In re Lindsey, 158 F. 3d*

*1263 – Court of Appeals, District of Columbia (1998)* Thus, Plaintiff argues that her obligations

to Plaintiff specifically were *due* and principled in her position as an Appellate court clerk to

"[D]uties... related to the filing of pleadings... **ministerial in nature** and [did] not involve the

exercise of discretion." *Alexander v. Gibson 794 S.E.2d 597 300 Ga. 394 (2016)*

    (i)    <u>Plaintiff has an enforceable right as third party beneficiary to the U.S. and GA</u>
            <u>Constitutions ("Compacts") to sue Defendant Cooper for breach of contract.</u>

    The Plaintiff alleged an enforceable contractual right to sue Defendant Cooper as **third**

**party beneficiary** to the "United States Constitution and Georgia constitution" – the social

compact(s) or contract(s)... for breach of those legal obligations and duties owed to Plaintiff **in**

**the social compact or contract**. [Doc. 1. Par. 450-455] Defendant Cooper alleges that "Plaintiff

has failed to show that Ms. Cooper entered into a written contract with him, as required by

O.C.G.A. § 50-21-1." [Doc. 36-1. pg. 4] Plaintiff assumes that Defendants allege Plaintiff has no

right as third party beneficiary to sue Defendant Cooper for breach of compact. However, "[T]he beneficiary of a contract made between other parties **for his benefit** may maintain an action against the promisor on the contract." *Northern v. Tobin, 585 SE 2d 681 GA Court of Appeals (2003)*.) (A third party has standing to enforce that type of contract "it if clearly appears from the contract that it was intended for his benefit.) *Id*." Thus, the Plaintiff has an enforceable contractual right to sue Defendant Cooper in her individual capacity for breach of compact.

   (ii)    Defendants have a contract with the social contract or compacts (Georgia and United
           States Constitution) in which Plaintiff is a beneficiary.

       Defendant Cooper also alleges in her Motion to Dismiss that "There is no such thing as a "social contract" between state officials and Georgia citizens." [Doc 36-1. Pg. 4] Plaintiff assumes that Defendants allege that there is no contract between Georgia state officials and Georgia citizens. Plaintiff here argues that the Defendants oath of offices was a promise owed to the beneficiaries of the compact(s) in the law of contracts.[2] "[A] third-party beneficiary contract is **"one in which the promisor engages to the promisee to render some performance to a third person."** *Northern v. Tobin, 585 SE 2d 681 GA Court of Appeals (2003)*[3] Plaintiff requests the court to take judicial notice of Article VI of the Constitution. Plaintiff argues that Defendants oath was in fact a contract to abide by the legal duties and obligations *principled* in the compact(s) which included Defendant's Cooper adhering to her ministerial duties and filing all papers, pleadings and motions submitted to her. [Id. Par. 46–47] In other words Defendants oath was a contract with our constitutional compact for the benefit of We the people and Plaintiff has a contractual right to enforce that breach as beneficiary of the compacts.

---

[2] Restatement of Contracts (Second): A promise is a contract.
[3] "[H]ow immoral to impose it on them, if they were to be used as the instruments, and the knowing instruments, for violating what they swear to support." *Marbury v Madison. 5 US 137 - Supreme Court (1803)*

**B. ELEVENTH AMENDMENT IMMUNITY DOES NOT BAR *INDIVIDUAL CAPACITY* CLAIMS**.

Defendant's purport that Defendant Tabatha Cooper, a court clerk, is immune from liability under the Eleventh Amendment for her refusal to file a motion submitted to her. Her Motion to dismiss personal capacity claims meets an exhaustive list of court rejection and thus should be denied. *See Hafer v Melo, 502 U.S. 21, 30-31, 112 S (1991); See Hobbs v Roberts, 999 F.2d 1526 – Court of Appeals, 11th Circuit (1993)*

**C. PLAINTIFF STATES A CLAIM FOR VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENT RIGHT TO A PROPER REMEDY, REDRESS AND RELIEF – VIOLATION OF FOURTEENTH AMENDMENT PROTECTION OF THE LAWS (COUNT 4)**

Plaintiff alleged two claims under the First Amendment. (1) First, a violation of his First and Fourteenth Amendment rights **to a proper remedy, redress and relief**. (2) Second, a violation of his Fourteenth Amendment rights to **procedural and substantive due process "**in the protection of the laws". [Doc. 1. Count 4] [Id. Par. 221] Although Defendant Cooper avoided the issue of Plaintiff's Fourteenth Amendment *protection of the laws* claim by interpreting it under *Deshaney* in Count 3, Count 4 *clearly* alleges a Fourteenth Amendment claim distinct from *Deshaney* under Count 4. Plaintiff first addresses Defendant Cooper's violation of his First and Fourteenth Amendment **right to a remedy, redress and relief** then, the latter.

**(1) THE DENIAL OF PLAINTIFF'S MOTION TO RECONSIDER VIOLATED HIS FIRST AMENDMENT RIGHT TO A PROPER REMEDY, REDRESS AND RELIEF**

"[I]n *California Motor Transport Co. v. Trucking Unlimited…* we recognized that the right of access to the courts is an aspect of the First Amendment right to petition the Government for a redress of grievances." *Bill Johnson's Restaurants. Inc. v. NLRB. 461 US 731 (1983)* It is "[S]pecifically, when a state [official] intentionally deprives an individual of property or liberty through a random, unauthorized act, the Due Process Clause of the Fourteenth Amendment is not

violated "so long as the state provides a meaningful post deprivation remedy." *Ford Motor Credit Company v New York City Police Dept. 394 F. Supp. 2d 600 (S.D.N.Y. 2005)* "[T]o prevail on an access to courts claim, a plaintiff must show (1) "that they suffered an actual injury in that they lost a chance to pursue a nonfrivolous or arguable underlying claim and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." *Preacher v. Overmyer, Dist. Court, WD Pennsylvania, (2020)* "[T]hese type of cases typically involve conspiracies, cover-ups, and other officials acts that have impeded, and now preclude, a plaintiff from obtaining a remedy in a meritorious case." *Point Conversions, LLC v. Lopane, Dist. Court, S.D. Florida (2021)* Further, while "[A] delay or interruption in pending litigation... may indicate a deprivation of constitutional dimensions, we have a required a showing of prejudice... some quantum of detriment caused by... the interruption and/or delay of plaintiff's pending... litigation." *Kincaid v. Vail, 969 F. 2d 594 – Court of Appeals 7th circuit (1992)*

Plaintiff alleged that Defendant Cooper successfully allowed Defendant Appellate court Justices to avoid being confronted with Plaintiff's Motion to Reconsider that showed clear controlling authority mandating their recusal due to their defending against the allegations in the order denying recusal and that it could have resulted (1) in the recusal of Defendant Appellate Justices and (2) reversal of their affirmance of Georgia judge Brian Amero's Orders in the lower court – and that thereby her refusal **"delayed and frustrated"** his First Amendment right to a proper remedy, redress and relief and psychological vindication.[4] [Doc. 1. Par. 215-219, 221, 247, 486] Plaintiff filed a Writ of Mandamus against Defendant Cooper to force her to file

---

[4] The Supreme Court spoke on the "scope" of First Amendment protection in stating that "[T]he First amendment interests involved in private litigation – compensation for violated rights and interests, **the psychological benefits of vindication**, public airing of disputed facts." *Bill Johnson's Restaurants. Inc. v. NLRB. 461 US 731 (1983)*

Plaintiff's Motion to reconsider – however this was later denied by the Georgia Supreme Court.

[Id. Par. 225] [Doc. 36-1. Pg. 2] Plaintiff now argues that Defendant Cooper violated his First

and Fourteenth Amendment right to a remedy, redress and relief because (1) he lost the chance to

pursue a non-frivolous argument and (2) following the Georgia supreme court's denial of his

Writ of Mandamus that there is no other recompense that allows for the recusal of Defendant

Appellate Justices or the presentment of his Motion to reconsider to such Justices which

mandates their recusal – without **"frustration or delay"**.

    (a) <u>Plaintiff lost a chance to pursue a non-frivolous argument</u>.

The Plaintiff alleged that on 2/27/2023 he presented a Motion to reconsider to Defendant

Cooper that had written therein such motion clear controlling authority requiring recusal based

on the Defendant Appellate Justices defending against the allegations of recusal, to wit;

> "The Georgia Supreme Court stated not long ago that a justice or judges "[e]fforts at defending himself against a motion to recuse will inevitably create an appearance of partiality. One reason is that if he defends himself he becomes an adversary of the movant for recusal." Post v State. 779 SE 2d 624- Ga: Supreme Court (2015) ... The Appellate court defended itself from recusal in stating that the Court "admittedly, mistakenly and (later) inadvertently "referred to Appellant with the wrong pronoun. The Supreme Court of Georgia has explained that, "[a] judge cannot become actively involved in presenting ... argument against a motion seeking his recusal without that defense itself becoming a basis for recusal ... and that by attempting to refute a charge of bias, a judge may become - or appear to have become - an adversary of the party seeking his disqualification." *A & M Hospitalities, LLC v. Alimchandani. 871 S.E. 2d 290 (2022*) [Doc. 1. Par. 203]

Because Plaintiff alleged in his Motion for Reconsideration that Appellate Justices

defended themselves against a motion to recuse – in which Georgia case precedent has stated on

numerous occasions mandates recusal – the Plaintiff's Motion to reconsider was a non-frivolous

argument. Pursuant to Appellate Court Rule 37(d), a Plaintiff may file a Motion to Reconsider

against the denial of any motion. This is what Plaintiff attempted to do, however he alleged was

solely prevented from doing so by Defendant Cooper's refusal to file his motion. [Id. Par. 203-

210] Plaintiff alleged that Defendant Cooper inexplicably did so knowing or having reason to

know that said motion would or could have resulted in the reversal of their orders affirming

Georgia judge Brian Amero's lower court orders because the Motion to reconsider alleged

claims that "mandated" the Defendant Appellate court justices recusal. [Id. Par. 210-220] As a

consequence, Plaintiff was impeded in his attempt to present a non-frivolous Motion for

reconsideration to Defendant Appellate court justices order denying recusal – without

"frustration & delay" – and later precluded as a result of the dismissal of his Writ of Mandamus.

    (b) <u>There is no other remedy to recompense for the lost claim.</u>

    (i)    <u>No Recompense for the frustration and delay of first Amendment Interests.</u>

    Plaintiff first argues that Defendant's Cooper's **frustration and delay** of the filing of his

Motion to reconsider cannot now be remedied because his First Amendment interests in the

psychological benefits of vindication, relief, remedy and redress has been successfully *frustrated*

*and delayed* and no recompense can compensate for that "frustration and delay" which is already

lost to the detriment of Defendant Cooper. Plaintiff alleged that Defendant Cooper knew such

appeal involved the possible overturning of the entry of Final order(s) (dated 10/7/2021) causing

the relocation of his minor child, the entry of a falsified Child Support Addendum and the denial

of a recusal motion against GA judge Brian Amero and would know that such **deliberate refusal**

**to file his Motion to reconsider** would deprive him of psychological benefits in vindication.

[Doc. 1. Par. 217, 246-247] Plaintiff alleged that Defendant Cooper would know that to refuse to

file his Motion would not only deprive him of psychological vindication in recusing Appellate

Justices **to ensure he had a fair appeal**, but also cause severe mental and emotional distress in

being **delayed arbitrarily** in spending substantiality more time with his child. [Id. Par. 242, 247,

214] This is because, as Plaintiff alleged, in furtherance of a conspiracy, Defendant Cooper knew

and had reason to know Plaintiff's Motion to reconsider would or could have resulted in the

recusal of Defendant Appellate Justices and thereby **reversal** of their affirmance of Georgia

judge Brian Amero's Final order(s) in the lower court. [Id. Par. 217, 219] Plaintiff alleged she

knew based on Plaintiff's cite to law within his Motion to Reconsider that it would or could have

resulted in the recusal of Defendant Appellate Justices for their defending against the allegations

in Plaintiffs recusal motion[5] – [Id. Par. 214-217] – and knowing such, inexplicably refused to file

Plaintiff's Motion to reconsider. [Id. Par. 220] Plaintiff argues that therefore, Plaintiff faced

substantial prejudice and detriment in her refusal to file his Motion to reconsider and delayed and

frustrated Plaintiff of the psychological benefits of vindication, relief, redress and his remedy

that would have or could have been obtained but for her refusal to file his non-frivolous motion.

 (ii) <u>No recompense for the recusal of Appellant Justices.</u>

 Second, Plaintiff argues, however, he in fact filed a Writ of Mandamus to the Supreme

Court of Georgia to order Defendant Cooper to file his motion to reconsider in the Georgia court

of appeals for the purposes of recusal of the Appellate Justices. It cannot be disputed, and

Plaintiff argues that if the Supreme court of Georgia had Granted Plaintiff's Writ of Mandamus

and ordered Defendant Cooper to file his Motion to reconsider in the Appeals court, that Plaintiff

would have had ten (10) days from the date of any Order denying his Motion to reconsider to

appeal that order to the Supreme court of Georgia. Therefore, following the Georgia Supreme

court's dismissal of his Writ of Mandamus, Plaintiff has no other remedy for purposes of recusal

of the Defendant Appellate Justices on non-frivolous claim that in fact **mandated their recusal**.

 (c) <u>Plaintiff's Motion did not violate Appellate Court Rule 37(d)</u>

---

[5] As Plaintiff alleged in his Complaint, "[A] judge cannot become actively involved in presenting ... argument against a motion seeking his recusal **without that defense itself becoming a basis for recusal**." *A & M Hospitalities. LLC v. Alimchandani. 871 S.E. 2d 290 (2022)* [Doc. 1. Par. 203]

Defendant Cooper misleads the court in a frivolous argument that "Plaintiff's filing violated Rule 37(d) of the Georgia Court of Appeals". [Doc. 36-1. Pg. 7] Plaintiff's complaint clearly alleges facts that Defendants Cooper's initial reasoning for denying his Motion to Reconsider on the notion that it violated Rule 37(d) in fact only changed on 2/28/2023, after Plaintiff responded to her email via showing that her initial reasoning would in fact **require the filing of the Plaintiffs motion to reconsider.** [Id. Par. 205-208] According to GA Appellate court rule 37(d), the only orders in that court needing a courts permission to file a second Motion to reconsider, are those orders that have already had a Motion to reconsider ruled upon it. The Order that Plaintiff sought reconsideration against was the Appellate court's denial of his disqualification motion against Defendant Appellant Justices dated 2/15/2023 and as alleged, Defendant Cooper refused to file it. Plaintiff's electronic transmission to Defendant stated;

> "It appears a recent filing of a document (Motion for Reconsideration) was rejected due to the notion that the Motion for Reconsideration did not include permission to file a second motion for reconsideration. This reconsideration however is **in reference to the denial of a disqualification motion entered in on February 15th 2023 not the recent opinion affirming the lower court decision in this case on January 19th 2023.** The clerk [in] this **ministerial** duty is thus depriving Appellant of reconsideration in the integrity of the court system. Please submit the filing as required." [Doc. 1 Par. 206]

Since 1996 it has been known that "[R]ule 37(d) does not apply to this situation but rather to those where a losing party simply **attempts a second bite at the same apple.**" *Millar Elevator Service Co. v. O'Sheilds, 475 SE 2d 188 – 222 Ga. App. 456 (1996*) The 2/15/2023 Order denying disqualification of certain Appellate Justices was entirely a different apple and completely distinct from the 1/19/2023 Appellate court affirmance of Amero's lower court opinion – which would have been a second bite at the apple. Until Defendant Cooper articulates how Plaintiff's Motion to Reconsider against the denial of a recusal motion of Defendant

"Appellate Justices" was in fact a second bite at the 2/15/2023 Order denying said motion, the

Plaintiff's Motion was not in violation of Appellate rule 37(d), as Defendant so contends.

(d) <u>Defendant Cooper refused to file Plaintiff's motion for reconsideration due to lack of Jurisdiction.</u>

Plaintiff argues that after Defendant Cooper's initial reasoning was ruined by Plaintiff's

articulating how Rule 37(d) did not apply to his motion to reconsider, another scheme was

launched and concocted to deny the rightful filing of the Plaintiff's Motion for Reconsideration,

this time for lack of jurisdiction. As alleged in the complaint, Defendant Cooper stated the

following only after Plaintiff clarified how Rule 37(d) would require his filing, to wit;

> "Mr. Arnold, This court is in receipt of a docket notice from the Georgia Supreme Court dated 2/21/2023 which **robs this court of jurisdiction** to make any changes to your appeal in this court while the Supreme court has jurisdiction. While, upon review, your motion for reconsideration that was returned to you is against a non-case disposing order, **we cannot docket it** as it was submitted after the date that the Supreme Court docketed your certiorari and pulled jurisdiction into their Court..."

"[T]he duties of the clerk relating to the filing of pleadings are ministerial in nature, and

[i]t is the official duty of the clerk of a court to file all papers in a cause presented by the parties."

<u>Hood v. State, 651 SE 2d 88 – Ga: Supreme court (2007)</u>) Further, "[I]t is beyond the purview of

[Defendant Cooper] to be concerned with the legal viability of a pleading presented to the clerk

for filing." <u>Id</u>. Similarly to the case in *Hughes*, "[I]t was beyond her duty or **power** to concern

herself with the legal viability of a notice presented to her for filing." <u>Hughes c. Sikes, 546 SE 2s</u>

<u>518 – Ga: Supreme court (2001)</u> In refusing to file Plaintiff's Motion to Reconsider, Defendant

Cooper concerned herself **with the legality of Plaintiff's Motion to Reconsider** in deciding the

Appellate court lacked jurisdiction to consider his Motion. As such, Defendant Cooper's actions

not only prevented Defendant Appellate Justices from reviewing the Plaintiff's Motion but

prevented Plaintiff from obtaining an Appellate Order denying his Motion to Reconsider based

on Defendant Cooper's reasoning in which an appeal could have been had. Thus, her actions

violated the Plaintiff's First and Fourteenth Amendment <u>rights to redress, remedy and relief</u>.

### D. <u>PLAINTIFF STATES A VALID CLAIM FOR VIOLATION OF FOURTEENTH AMENDMENT IN THE PROTECTION OF THE LAWS UNDER THE FIRST AMENDMENT (COUNT 4)</u>

Plaintiff now addresses Defendant Coopers violation of his Fourteenth Amendment right

to procedural and substantive due process **in the protection of the laws** under Count 4. Plaintiff

alleged that Defendant Cooper, with malice and reckless disregard for his rights, refused to file

his Motion to Reconsider knowing or having reason to know that to do so was manifestly

incompatible with the law in violation of his Fourteenth Amendment right to procedural and

substantive due process of law – in protection of the laws. [Doc. 1. Par. 494] "[T]he very essence

of civil liberty certainly consists in the right of every individual to claim **the protection of the**

**laws**, whenever he receives an injury." *Marbury v. Madison, 5 US 137 – Supreme Court (1803)*

Plaintiff argues, "[T]he substantive component of the Due Process Clause protects

individual liberty against certain government actions regardless of the fairness of the procedures

used to implement them." *Waddell v. Hendry County Sheriff's Office, 329 F. 3d 1300 (2003)*

"[F]or, in that category… if the Federal Constitution prohibits a State from taking certain actions

regardless of the fairness of the procedures… the constitutional violation **is complete** as soon as

the prohibited action is taken; the independent federal remedy is then authorized by the language

and legislative history of § 1983." *Daniels v. Williams, 474 US 327 – Supreme Court (1986)*

    (i)    <u>Defendant Cooper violated Plaintiff's substantial due process rights in the protection of the laws</u>.

Plaintiff argues that Defendant Cooper violated his substantive due process protections

under the 14th Amendment by *deliberately* refusing to file Plaintiff's Motion to Reconsider in a

broad conspiracy to delay, deny and frustrate his grievances in a specific scheme to ensure no

criminal prosecution could be brought against Amero and that her actions shock the conscience. Plaintiff alleged that Defendant Cooper refused to file his Motion to reconsider against an order denying disqualification of Defendant Appellate Justices in his Appellate court case seeking the overturning of the relocation of his minor child, the overturning of a "purely falsified" record and the denial of a recusal motion by Georgia judge Brian Amero. [Doc. 1. Par. 206] Plaintiff alleges that Defendant Cooper did so with malice or reckless disregard for his rights. [Id. Par. 494] The Plaintiff alleged that Defendant Cooper's refusal to file his motion was a part of a major conspiracy as he alleged to "delay, deny and frustrate Plaintiff's grievances" on appeal. [Id. Par. 222-223] Plaintiff alleged that Defendant Cooper refused to file his motion because "she knew or had reason to know that Defendant Appellate Justices would or could have been mandated or required to disqualify for their defending against the motion and, as a consequence it would or could have resulted in the reversal of their affirmance of Georgia judge Brian Amero' s lower court orders if they were ever to be presented with Plaintiff's motion to reconsider." [Id. Par. 215, 219-220] This is because the Plaintiff alleged that Defendant Cooper knew and had reason to know based on her having access to Plaintiff's appeal and because of the written cite to law within his Motion to Reconsider that it would or could have resulted in the recusal of the Appellate Justices because the Defendant Appellate Justices defended against the allegations in Plaintiffs recusal motion. [Id. Par. 215-218] Thus, Plaintiff alleged that Defendant Cooper knew of, participated, and joined a conspiratorial objective and in furtherance thereof refused to file Plaintiff's Motion to reconsider because she knew and had reason to know it would or could have resulted in the recusal of Defendant Appellate Justices and the reverse their orders affirming Georgia judge Brian Amero's Orders in the lower court. [Id. Par. 219] As such, the actions of Defendant Cooper entails she participated in a scheme also alleged against the Defendant

Appellant Justices in this action, in his stating, "In lieu of his direct appeal being docketed in a court erected for his benefit for correction of errors amongst judges who owed him... [a] duty to correct errors... he was instead met by a strategic and skillful judicial stratagem to prevent, delay and deny him proper redress and relief." [Id. Par. 240] Based on the facts alleged, there is reason to believe as Plaintiff alleged that Defendant Cooper in fact "took orders from Defendant Appellate Justices to make certain that the essential objective of the conspiratorial objective was not disturbed." [Id. Par. 221] Because there is multiple facts alleged against Defendant Cooper in which all inferences and circumstantial evidence from those facts have no choice but to conclude that her refusal to file Plaintiff's Motion to reconsider was an act in furtherance of a broader egregious scheme of a "shocking of the conscience" nature to delay, deny, frustrate Plaintiff's grievances in conspiracy alleged in this suit as a whole, her acts violated the substantial due process rights of the Plaintiff. Defendant Cooper's actions clearly entail that the "deep-sixing" and railroading of his relief to protect a Georgia judge, in conspiracy, would not disturbed by the recusal of the Defendant Appellate Justices who affirmed his orders because of their being presented with a motion to reconsider which had therein cite to law "mandating" their recusal.

(ii)     Defendants actions violated the procedural due process rights of Plaintiff.

Plaintiff realleges and reincorporates all allegations alleged in Section C of this complaint. Plaintiff alleges that the act of Defendant Cooper refusing to file his Motion to reconsider deprived him of a procedural fourteenth Amendment due process right in the protection of the laws. Plaintiff argues that because he in fact had the right to file a Motion to reconsider pursuant to Rule 37(d) of the Appellate court rules, Defendant Cooper's deliberate acts to prevent that filing violated his procedural due process right in claiming the protection of the laws – in other words, Plaintiff argues his attempt to file a Motion to Reconsider pursuant to

Appellate court rule Rule 37(d) against an order denying recusal of Defendant Appellate justices

was an exercise in the protection of the laws pursuant to such attempting filing while on appeal

and Defendant Cooper's infringement on that filing violated his procedural due process right.

### E.  QUALIFIED IMMUNITY DOES NOT APPLY TO DEFENDANT COOPER

"For a Defendant to establish that his or her actions were within the scope of their

discretionary authority, the defendant must show that those actions were (1) undertaken pursuant

to the performance of his duties, and (2) within the scope of his authority." *Davis v Brown, Dist.*

*Court, ND Case no. 1:16-cv-00735 Georgia (2019)*) Defendant Cooper generally alleges without

any explanation at all, "[T]hat the complaint makes it clear that Ms. Cooper was acting within

her discretionary authority." [Doc. 36-1. Pg. 8] The Georgia Supreme court made clear in 2007,

in a unanimous *concurring* opinion that "[I]t is beyond the *purview* of the clerk to be concerned

with the legal viability of a pleading presented to the clerk for filing." *Hood v. State, 651 SE 2d*

*88 – Ga: Supreme Court (2007)* Plaintiff alleged that Defendant Cooper concerned herself with

the jurisdiction of Plaintiff's appeal and exercised unwarranted discretion in refusing to docket

Plaintiff's Motion to reconsider. [Id. Par. 211] Because the sole reason for Defendant Cooper's

refusal to file Plaintiff's motion to reconsider was for jurisdictional purposes (and not for

violation of Appellate rules), that action "was not within her **power** to decide while in the

performance of her official duties". Defendant Cooper has presented no authority at all because

she can show no authority at all that authorizes her as an Appellate court clerk to refuse the filing

of a party's motion because the Appeals court **lacks jurisdiction** to make a ruling on that motion

in the performance of her official duties. Thus, qualified immunity cannot and does not apply.

Even if qualified immunity applied, which it certainly does not, "This Court's case law

does not require a case directly on point for a right to be clearly established, existing precedent

must have placed the statutory or constitutional question beyond debate." *Torres v. Howell, Court of Appeals, 11th Circuit (2022*) It is clearly established that the "[R]ight of access to the courts is an aspect of the First Amendment right to petition the Government for a redress of grievances." *Bill Johnson's Restaurants, Inc. v. NLRB, 461 US 731 (1983*) Defendant Cooper also knew it was clearly established that "[A] delay or interruption in pending litigation... may indicate a deprivation of constitutional dimensions... showing... prejudice... some quantum of detriment caused by... the interruption and/or delay of plaintiff's pending... litigation." *Kincaid v. Vail, 969 F. 2d 594 – Court of Appeals 7th circuit (1992*) Therefore, Defendant Cooper knew that to deny Plaintiff's filing would be a violation of Plaintiff's right to access the court and that any **delay and frustration** would deprive him of psychological benefits in vindication and his right to a remedy, relief and redress. Moreover, under substantive due process, "[A] plaintiff may also invoke § 1983 **regardless of the availability of a state remedy**." *Daniels v. Williams, 474 US 327 – Supreme Court (1986)* The Right of Access to the court – an aspect of Plaintiff's First Amendment right – Plaintiff argues serves as the primary source of **substantive protection** that Defendant Cooper knew was clearly established.

Plaintiff did not allege a mere refusal to file a document by a clerk, rather, a refusal to file a document presented to her in furtherance of a conspiracy involving Defendant Appellate Justices. Plaintiff alleged that Defendant Cooper refused to file his document because "she knew or had reason to know that Defendant Appellate Justices would or could have been mandated or required to disqualify and, as a consequence it would or could have resulted in the reversal of their affirming Georgia judge Brian Amero's lower court orders or decision(s) if they were ever to be presented with Plaintiff's motion to reconsider." [Doc. 1. Par. 215, 220] As Plaintiff alleged, Defendants argued against the motion mandating their recusal. [Id. Par. 203] Moreover,

as Plaintiff alleged the conspiracy was to delay, deny, prevent or frustrate Plaintiffs redress,

remedy, relief, and psychological vindication in the protection of the laws if there was a

possibility or certainty that criminal prosecution could be brought against Georgia judge Brian

Amero in the relief thereof Plaintiff grievances. [Id. Par. 1] Further, as Plaintiff alleged "In lieu

of his direct appeal being docketed in a court erected for his benefit for correction of errors

amongst judges who owed him an obligation and duty to correct errors... he was instead met by

a strategic and skillful judicial stratagem to prevent, delay and deny him proper redress and

relief." [Id. Par. 240] Plaintiff alleged that Defendant Cooper's action allowed those same

Defendant Appellate Justices to avoid being presented with a motion to reconsider that had

therein clear controlling authority mandating their recusal because she knew or had reason to

know it would or could have resulted in the reversal of their affirmance of judge Brian Amero's

orders. [Id. Par. 215, 218-219] Therefore, Defendant's Coopers action are in fact well within the

realm of "[A]rbitrary" and "outrageous", in a constitutional sense, to make out a valid

substantive due process claim," *Velez v. Levy, 401 F. 2d 75 – Court of Appeals, 2ⁿᵈ Circuit*

*(2005)*, and therefore qualified immunity does not and cannot apply to her in this instance.


### F.  PLAINTIFF STATES A § 1983 CONSPIRACY CLAIM AGAINST DEFENDANTS

Defendant Cooper purports that "Plaintiff has failed to allege facts showing the existence

of an "agreement" between Ms. Cooper (or anyone) to violate his rights." [Doc. 36-1. Pg. 7]

Plaintiff argues however, that his complaint sufficiently establishes the circumstantial evidence

of a scheme & all facts leading to permissible inferences in Plaintiff's favor of a § 1983 civil

conspiracy. Because "[C]onspiracies are by their very nature secretive operations, and may have

to be proven by circumstantial evidence, rather than direct, evidence." *Harris v. Pierce County,*

*Dist. Court, SD Georgia (2014)* "Nor must the government show that each defendant had direct

contact with each of the other alleged co-conspirators." *U.S. v Guerra, 293 F. 3d 1279 Court of Appeals, 11th Circuit (2002);* Moreover, "[I]t is the jury which weighs the contradictory evidence and inferences and draws the ultimate conclusion as to the facts… When a Plaintiff alleges a conspiracy to violate civil rights, "[t]he existence or nonexistence of a conspiracy is essentially a factual issue that the jury, not the trial judge, should decide." *Hampton v. Hanrahan, 600 F. 2d 600 – Court of Appeals Seventh Circuit (1979)* A "[S]ection 1983 conspiracy… does not require the plaintiff to produce a smoking gun." *Burrell v. Bd. Of Trustees of Ga. Military College, 970 F.2d 785 (1992)* "[T]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Cruz v. Savoie, Dist. Court, ED California (2023)*

(1) THERE IS CIRCUMSTANTIAL EVIDENCE AND INFERENCES OF DEFENDANT COOPER'S INVOLVEMENT IN A CONSPIRACY AGAINST PLAINTIFF.

Plaintiff alleged that Defendant Cooper participated in a railroading campaign and conspiracy involving the delaying, denying, preventing or frustrating Plaintiffs due and proper redress, proper remedy, relief, and psychological vindication in the protection of the laws if there was a possibility, likelihood or certainty that criminal prosecution could be brought against Georgia judge Brian Amero in such relief *thereof* his grievances. [Doc. 1. Par. 222] Plaintiff alleged that there is no other plausible reason why Defendant Cooper, an Appellate court clerk with seven (7) years of experience would not only refuse to adhere to her ministerial duties but change the reasoning for the failure to adhere to her ministerial duties which reasons contradicted her initial excuses if she had not known or had no knowledge of such an esoteric understanding, shared motive or agreement in conspiracy. [Doc. 1. Par. 223] Plaintiff argues that Defendant Cooper (A) had knowledge of the common objective of the conspiracy (B) willfully participated in the conspiracy and in furtherance thereof refused to file Plaintiff's Motion to reconsider (C)

and did so to ensure the orders of Brian Amero would not be overturned because she knew or had reason to know the Motion to reconsider could or would have resulted in the recusal of the Appellate Justices who affirmed Amero's orders resulting in the reversal of Amero's orders.

> (A) <u>Defendant Cooper knew or had reason to know of the common conspiratorial objective and need not have known all the details of the conspiracy.</u>

Plaintiff first alleged that Defendant Cooper knew and had reason to know that Plaintiff had taken an appeal from an order of Georgia judge Brian Amero in said appellate court case because she had access to view all of the *filings* in Plaintiff's appeal. [Doc. 1. Par. 214] These filings included a Motion to reconsider judge Brian Amero's entry of a child support Addendum that Plaintiff alleged was purely falsified. [Id. Par. 198-199, PG. 295] Further, Plaintiff alleged that based on her having access to the filings that she knew or had reason to know that Defendant Appellate Justices affirmed Georgia judge Brian Amero's order(s) and that his Motion to *Disqualify* and reconsider sought to disqualify them from his case and reverse those orders. [Id. Par. 215-216] Based on these facts it is plausible that Defendant Cooper had basic knowledge of the common objective to delay, deny, prevent or frustrate Plaintiff's remedy, redress and relief – grievances. Plaintiff alleges further claims which support his arguments that Defendant Cooper's knowledge of the common objective is not merely because her status as an Appellate court clerk.

> (B) <u>Evidence supports that Defendant Cooper willfully participated in the conspiracy and in furtherance thereof refused to file Plaintiff's Motion to reconsider.</u>

Plaintiff alleged that on February 27th, 2023 [after his Writ of Certiorari was docketed] that he presented a "Motion for Reconsideration" of the Court of Appeals 2/15/2023 Order denying his disqualification motion of Defendant Appellate Justices which had written therein clear controlling authority requiring their recusal. [Doc. 1 Par. 203] Plaintiff's Motion for Reconsideration sought recusal of Appellate Justices for their defending against the motion to

recuse and stated therein clear controlling authority requiring their recusal. [Id. Par. 203] On,

2/27/2023, however, Defendant Cooper refused to file the motion because she alleged the

"Document was submitted without permission to file (amended brief, supplemental brief, or

second motion for reconsideration). Rules 27(a) and 37(d)." [Id. Par. 204-205] Defendant Cooper

did not state at such time that she could not file the document because of a docketing of

Plaintiff's Writ of Certiorari which in fact was already docketed on 2/27/2023. Plaintiff alleged

that Defendant Cooper's *initial* reasoning only changed after he responded to her email showing

that her *initial* reasoning would in fact require his filing of his motion to reconsider. [See Id. Par.

206] Plaintiff alleged that if Defendant Cooper's second reasoning for denying his Motion to

reconsider on 2/28/2023 were true, she would have stated so in her initial reasoning on 2/27/2023

and as such that there was reason to believe that Defendant Cooper deliberately refused and had

an **intent** to prevent Plaintiffs filing of his Motion to Reconsider. [Id. Par. 209] However,

Plaintiff alleged further claims which supports his argument that Defendant Cooper's refusal to

file his Motion to reconsider was no isolated incident in her mere status as a court clerk but an

act in furtherance of the conspiratorial objective alleged in Plaintiff's complaint.

   (C)   Facts support that Defendant Cooper refused to file Plaintiff's Motion to reconsider
         ensure the orders of Brian Amero would not be overturned in furtherance of the
         conspiracy.

       Plaintiff alleged that Defendant Cooper knew or had reason to know the Motion to

reconsider could or would have resulted in the recusal of the Appellate Justices who affirmed

Amero's orders resulting in the reversal of their orders. [Doc. 1. Par. 215] This is because the

motion had written thereon cite to Georgia case authority stating that "[A] judge cannot become

actively involved in presenting ... argument against a motion seeking his recusal **without that**

**defense itself becoming a basis for recusal**." *A & M Hospitalities. LLC v. Alimchandani. 871*

*S.E. 2d 290 (2022)*.[6] [Id. Par. 203] Plaintiff alleged that Defendant Cooper knew or had reason to

know based on the written claims, writings and cite to law in the Plaintiff's motion to reconsider

that any required recusal would or could have resulted in recusal of the Appellate Justices who

affirmed the lower court decisions of Georgia judge Brian Amero's entry of Final order causing

the relocation of his minor child, the entry of a Child Support Addendum and the denial of a

recusal motion. [Id. Par. 217] Plaintiff alleged that Defendant Cooper knew that if she did not

file the Plaintiffs Motion to Reconsider that the Appellate Justices would not be presented with

his Motion that had written therein cite to law mandating their recusal. [Id. Par. 218] Plaintiff

then alleged that these facts support inferences that Defendant Cooper knew of the need to refuse

or prevent the filing of the Plaintiffs Motion to reconsider because she knew, had knowledge and

reason to know that Defendant Appellate Justices would or could have been mandated or

required to disqualify and as a consequence would or could have resulted in the reversal of

Georgia judge Brian Amero's lower court orders or decision(s) that they affirmed if they were

ever to be presented with Plaintiff's motion to reconsider and knowing such, inexplicably refused

to file his Motion. [Id. Par. 220] Plaintiff alleged the act of Defendant Cooper allowed the

Appellate Justices to avoid being confronted with Plaintiff's Motion to Reconsider and that she

engaged in such conspiracy, or took orders from Defendant Appellate Justices, to make certain

that the essential objective of the conspiratorial objective was not disturbed. [Id. Par. 221] These

facts provide circumstantial evidence and substantial inferences of a conspiracy to do just what

Plaintiff alleged, delay, deny, prevent or frustrate Plaintiffs due and proper redress, a proper

remedy, relief, and psychological vindication in the protection of the laws (the common goal) –

if there was a possibility, likelihood or certainty that criminal prosecution could be brought

---

[6] The leading case addressing the issue of retroactive recusal is the United States Supreme Court decision in
*Liljeberg v Health Services Acquisition Corp,. 486 U.S. 847, 108 S.Ct. 2194, 100 L. Ed.2d.855 (1998)*

against Georgia judge Brian Amero in such relief thereof his grievances (the essential objective).

[Id. Par. 1] Thus, because all of the facts supports inferences and circumstantial evidence that her

denial was in fact in furtherance of a conspiracy, Plaintiff's conspiracy claim is plausible.

### G. PLAINTIFF STATES AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST DEFENDANTS

Because there is multiple facts alleged against Defendant Cooper in which all inferences

and circumstantial evidence from those facts have no choice but to conclude that her refusal to

file Plaintiff's Motion to reconsider was an act in furtherance of a broader egregious scheme of a

"shocking of the conscience" nature to delay, deny, frustrate Plaintiff's grievances in conspiracy

alleged in this suit as a whole – as Plaintiff alleged it could also be argued to a jury that

Defendant Cooper, knowing such appeal involved the possible overturning of modifications to

Plaintiff's initial custody agreement based on errors in the lower court would know that such

deliberate refusal to file his Motion to reconsider would deprive him of psychological

vindication and also cause severe mental and emotional distress in a possible recusal of

Appellate Justices reviewing his errors on appeal for reversal of lower court orders for their bias

and prejudice whom she knew could or would have been required or resulted in the overturning

of lower court orders if she had filed said Motion. [Doc. 1. Par. 246] Plaintiff further alleged it

can be argued to a jury that Defendant Cooper would know that to refuse to file Plaintiffs Motion

to reconsider would not only deprive him of psychological vindication in recusing Appellate

Justices **to ensure he had a fair appeal** but also cause severe mental and emotional distress in

being delayed arbitrarily in spending substantiality more time with his child by her refusing to

file said motion because she knew that to do so could or would have required or resulted in the

overturning of lower court orders affirmed by Appellate Justices if she had filed said Motion in

said court. [Id. Par. 247] Because the complaint charges Defendant Cooper with acts of malice

and reckless disregard for his rights in her participation in a conspiracy, the court should "[F]ind

that the allegations of the Complaint, if true, state a plausible claim for intentional infliction of

emotional distress under Georgia law." *Brown v. Fullen, 564 F. Supp. 3d 1308 – Dist. Court, ND*

*Georgia (2021*)

## H. **THE COURT HAS SUPPLEMENTAL JURISDICTION OVER COUNT 2 AND COUNT 6 ALLEGED AGAINST THESE DEFENDANTS AND SOVERIGN IMMUNITY DOES NOT APPLY**.

Plaintiff argues that the court has supplemental jurisdiction over Plaintiff's Breach of

Compact claim (Count 2) and his IIED claim (Count 6) and Sovereign immunity is irrelevant.

"This Court, in turn, has supplemental jurisdiction over all other claims that are so related to

claims in the action within [its] original jurisdiction that they form part of the same case or

controversy." *Hassan v. city of Atlanta, Dist. Court, ND Georgia 2022 No. 1:21-CV-4269-TWT*.[7]

Neither of these circumstances apply to Arnold's case. Arnold's breach of compact claim (Count

1) is more than related, they in fact arise from the constitutional claims alleged against Defendant

Cooper. Without the violation of Arnold's rights as alleged herein, Plaintiff argues here that there

would be no breach of compact, thus the court has supplemental jurisdiction over Plaintiff's

breach of compact claim. *See, e. g., Dunn v City of Fort Valley, 464 F. Supp. 3d 1347, 1374*

*(M.D. Ga. 2020*) (exercising supplemental jurisdiction over an Open Records Act claim where

the records sought were related to the same events as the plaintiff's constitutional claims). There

is also no novel or complex issue of law over Plaintiff's breach of compact claim – Georgia case

law clearly provides a right to sue as beneficiary of a compact. His claims of Intentional

---

[7] "[T]he district courts may decline to exercise supplemental jurisdiction over a claim... if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559 (1994)*

infliction of Emotional Distress ("IIED") are neither novel or complex or "too attenuated" but the resultant of the constitutional deprivations arising from what Plaintiff alleges is the resultant of Defendant Cooper's refusal to file his Motion to Reconsider which thereby frustrated and delayed him in psychological benefits in vindication, remedy, relief and redress and prevented his pursuit of a non-frivolous claim that could or would have resulted in the recusal of Appellate Justices. Thus, this court has supplemental jurisdiction over these claims because they form part of the same case or controversy.

**(a) There is no compelling reason that does not outweigh this courts exercise of supplemental jurisdiction**.

The case of *Mitchum* although not fully in context, supports the exercise of supplemental jurisdiction because it has been alleged that Georgia's "[S]heriffs, having eyes to see, see not; judges having ears to hear, hear not… [J]ustice, skulk away as if government and justice were crimes and feared detection." *Mitchum v. Foster, 407 US 225 – Supreme Court 1972*. The facts in this case compels this court to exercise supplemental jurisdiction over Plaintiff's claims. Plaintiff has alleged facts supporting his declaration that he, "[H]as repeatedly plead for protection by her state and have been answered by repeated injury marked by every act which defines Tyrannical activity in the public offices of Georgia." [Doc. 1. Pg 1-2] Not only is supplemental jurisdictional applicable, but the facts in their entirety in this complaint compel this court take jurisdiction over these claims because the allegations establish a broad concerted effort to railroad and/or unlawfully delay Plaintiff's relief in the state courts of Georgia.

Respectfully submitted this 10th day of July 2023.

_____

Mr. Deandre Arnold
**Mailing Address**: 7577 Rutgers Circle
Fairburn, Georgia 30213
**Email**: Dresmailbox89@gmail.com
**Telephone**: 470-514-3097

## CERTIFICATE OF SERVICE

I hereby certify that on July 10th, 2023, I sent the foregoing **PLAINTIFF'S RESPONSE**

**IN OPPOSITION TO DEFENDANT COOPER'S MOTION TO DISMISS** to counsel of

record via regular mail with proper postage thereon addressed below as follows:

> **ELLEN CUSIMANO**
> Assistant Attorney General
> Georgia Department of Law
> 40 Capitol Square, SW
> Atlanta, Georgia 30334-1300

This day of July 10th 2023.

By: _____

**Mailing**: c/o Attn: Mr. Arnold
7577 Rutgers Cir.
Fairburn Georgia 30213
**Email**: Dresmailbox89@gmail.com
**Telephone**: 470-514-3097



DEANDRE ARNOLD
MAILING: 7577 RUTGER'S CIRCLE
FAIRBURN GA 30213

**1 LBS**
DWT: 5,5

**1 OF**

SHIP TO:
ATTN: CLERK OF THE COURT
UNITED STATES CLERK OF THE COURT
22ND FLOOR SUITE 2211
75 TED TURNER DRIVE SOUTHWEST
**ATLANTA GA 30303**

**GA 303 9-02**

**UPS GROUND**
TRACKING #: 1Z 2UT F19 03 0779 8427

BILLING: P/P

XOL 23.07.01    NV45 28.0A 07/2023*

UNITED STATES CLERK OF THE COUR
75 TED TURNER DR SW
STE 2211
ATLANTA GA 30303

P: REDBL2  S: 2MY
**CNN – 6156**
8427