FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 2 5 2023

KEVIN P. WEIMER, Clerk
By: _____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| Deandre Arnold, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO**. |
| v. | ) | 1:23-2219-JPB |
| | ) | |
| | ) | |
| | ) | |
| Brian Kemp et al., | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SARAH GERAGHTY'S
MOTION TO DISMISS**

Pursuant to Local Rule 7.1(B) N.D. Ga., Plaintiff, Deandre Arnold ("Arnold") submits

this Response in opposition to Defendant Sarah Geraghty's ("Defendant Geraghty") Motion to

Dismiss. As Plaintiff argues more fully below, Defendant's claims are contrary to the U.S.

Constitution, clearly established law, an understanding of the law and the history of the times.

Because Plaintiff raises a right to relief above the speculative level, he states a plausible on its

face, thus the Defendant's Motion to Dismiss should be denied and Plaintiff allowed to proceed

to the next stage of this case.

**FACTUAL BACKGROUND**

Plaintiff's claims against Defendant Geraghty arises from what Plaintiff alleged to be was

her bias and prejudice, malice or reckless disregard for his rights and engagement in a conspiracy

with state actors who frustrated, delayed or denied Plaintiff of a due and *proper* remedy, redress

and physiological vindication in two lawsuits Plaintiff filed in the Northern District of Georgia:

an "Emergency Writ of Habeas petition" titled Deandre Arnold v. Candice Broce, et al., Civil

Action No. 1:22-cv-04536-SEG ("Arnold habeas petition"), and an action brought under 42 U.S.C. § 1983 against various state and county employees titled Deandre Arnold v. City of Hampton, et al., Civil Action No. 1:21- cv-4970-SEG (hereinafter "Arnold § 1983 Action"). [Doc. 1. 406, 420-431] Plaintiff alleged that Defendant Geraghty had a legal duty and obligation to provide Plaintiff a proper remedy, psychological vindication, adequate relief or a proper redress to his petitions or any grievances on paper brought to her attention. [Id. ¶ at. 47, 349] Plaintiff alleged however, that Defendant Geraghty being so bound by this legal duty and obligation by contract as a result of her oath to support and defend the United States Constitution – erected for the benefit of the Plaintiff – breached her duties and obligations in those two cases filed by the Plaintiff while acting as a Judge or referee in those cases. [Id. ¶ at. 44, 452, 462-464]

On November 15th, 2022, Plaintiff filed an emergency Writ of Habeas petition and Motion to Stay State Court Proceedings alleging that he was not only in custody in violation of the Fourteenth Amendment but in custody as a result of state created danger arising from an artifice, scheme and design concocted by state officials… knowingly enforcing and placing the Petitioner in a position of "custody" under an unlawful registered controlling support order for enforcement entered in violation of well settled principles of constitutional law. [Id. ¶ at. 350-352, 356] Plaintiff alleged that Defendant Geraghty was assigned to preside over such case which "named Georgia Judge Brian Amero" for his entry of a falsified Child Support Addendum entered in Arnold's modification of child custody case which he alleged were all a part of a scheme of state created danger that threatened his safety and his security – his life [Id. ¶ at. 350-354] Plaintiff alleged that on December 6th, 2022, Defendant Geraghty denied Plaintiff relief and dismissed his Habeas petition and also ruled that his Motion to Stay was Moot. [Id. ¶ 355-356]

On December 13th, 2022, Plaintiff then filed a Certificate of Appealability ("COA") and an renamed his prior motion to Stay an "Emergency motion to stay state court proceedings pending appeal" ("Motion to stay"). Plaintiff alleged his COA and Motion to stay in fact alleged meritorious claims for relief. [Id. ¶ at. 357-359] However, Plaintiff alleged that after two months delay, on February 14th, 2023, Judge Geraghty entered an order concluding that the Plaintiffs COA lacked any arguable basis in law or fact and denied his Motion to stay for the same reasons explained in her December 6th, 2023, order. [Id. ¶ at. 366-367] Plaintiff alleged that Defendant Geraghty's 2/14/2023 Order denied him *meritorious* redress by "disregarding his rights in [her] frustrating, delaying or denying him of a due, *proper* & adequate remedy, redress and physiological vindication" by Defendant Geraghty first delaying a ruling on his COA and his Motion to stay and subsequently, recklessly, arbitrarily and erroneously denying his COA and Motion to stay knowing or having reason to know to do so was manifestly incompatible with the law and in breach of her duties." [Id. ¶ at 66, 452, 462-464] Plaintiff alleged that Defendant Geraghty had 20 years of legal experience to know that delaying a ruling on his COA and his Motion to stay and thereafter deep-sixing his Motion to stay and COA in her 2/14/2023 Order would cause her impartialness to reasonably questioned." [Doc. 1. pp. 99- 100, 101, 408.]

With respect to Defendant Geraghty's role in adjudicating his § 1983 Action, (*Arnold v City of Hampton*) Plaintiff alleged that Defendant Geraghty was also assigned to this pending lawsuit in April of 2022 shortly after being confirmed as a Federal Judge for the Northern District Federal court Atlanta. [Doc. 1. Par. 407] Plaintiff primarily disputes her ruling as to his request to file pleadings electronically as a pro se litigant. [Doc. 1 pp. 103-104.] On March 30th, 2023, Plaintiff filed a Motion for permission to file electronically in said § 1983 action. [See exhibit X-8] Plaintiff's Motion to file electronically swore under penalty of perjury that he had an

inability to afford the funds for such mailing to the court for his relief, the inference of

obstruction of mail by the U.S. District court clerk's office and delay in getting his mailed filed

on the court record. [Doc. 1. pp. 103-106.] On April 12th, 2023, Judge Geraghty denied this

motion contending Plaintiff had not shown that a special exception for a just, speedy, and

inexpensive determination of the matters before the Court. [Doc. 1. Par. 412] Plaintiff alleged

Defendant Geraghty knew or should have known based on her 20 years of legal experience that

Plaintiff alleged a need for the just, speedy, and inexpensive determination of matters pending

before the court at such time. [Doc. 1. pp. 102-106] Plaintiff alleged that Defendant Geraghty

owing Plaintiff a duty, with bias and prejudice, erroneously denied and frustrated his

psychological vindication and a *proper* remedy when ruling upon his Motion for Permission to

File Electronically when she knew or should have known based on her 20 years of complex legal

experience that to deny his motion was manifestly incompatible with the law. [Id. pp. 420]

Plaintiff further alleged that Defendant Geraghty had a bias and prejudice against the Plaintiff

that she knew would lead to her impartiality being questioned – and refused to recuse. [Id. Par.

408] According to Plaintiff, these rulings caused him emotional and mental distress. [Id. Par.

421-431] Plaintiff thus filed this action asserting (1) breach of contract [Id. Par. 462-464], (2)

violation of his 1st and 14th Amendment rights [Id. Par. 485-497], (3) Conspiracy [Id. Par. 498,

509], (4) intentional infliction of emotional distress [Doc. 1. pp. 132-134], damages and attorney

fees [Doc. 1. pp. 135] – against Defendant Geraghty.

## ARGUMENT AND CITATION OF AUTHORITY

### A.  STANDARD FOR MOTION TO DISMISS

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations

"to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In other words,

the factual allegations must "raise a reasonable expectation that discovery will reveal evidence

of" the plaintiff's claims. *Id.* at 556. *See Goodman v. COLUMBUS REGIONAL HEALTH CARE*

*SYSTEM, INC,. Dist. Court, MD Georgia 2022.* "The Court favors the plaintiff with all

reasonable inferences from the allegations in the complaint." *Stephens v. Dep't of Health &*

*Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).* Additionally, "Pro Se pleadings are

liberally construed and held to less stringent standards." *Jones v. Fla Parole Comm'n, 727 F.3d*

*1105, 1107 (11th Cir. 2015).* Defendant Geraghty's defenses fail as a matter of law as Plaintiff in

fact states a claim upon which relief can be granted as more fully alleged below.

## B. ABSOLUTE JUDICIAL IMMUNITY DOES NOT AND CANNOT APPLY UNDER THESE CIRCUMSTANCES

Plaintiff first addresses Defendant Geraghty's assertion of absolute immunity in her

federal capacity. Plaintiff agrees that Judicial Immunity Doctrine is "of the highest importance to

the *proper* administration of justice that a judicial officer … be free to act upon his own

convictions, without apprehension of personal consequences to himself." *Mireles v. Waco, 502*

*U.S. 10 (1991*) This principle arose as early as 1872 when the United States Supreme Court in

*Bradley v Fisher* embraced judicial immunity by stating it was, "[N]ot for the protection or

benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest is that

judges should be at liberty to exercise their functions with independence, and without fear of

consequences." *Bradley v Fisher, 80 US 335 – Supreme Court (1872*) Plaintiff argues that this

centuries long doctrine has been far from the public interest and neither correct in its application

following *Bradley.* If anything, this doctrine has been used by corrupt judges to avoid liability

for deliberate acts in violation of their oaths. The public interest is not furthered by shielding a

judge deliberately engaged in acts of Tyranny in the willful weaponization of their offices

knowingly in breach of their oath's. It is for this reason that under no theory under our social

compact can the public's interest be furthered by immunizing judicial officers who purposely act

with malice and reckless disregard for the rights of a beneficiary to a social compact they swore

to protect and defend. Defendant Geraghty now seeks to do such a thing by immunizing herself

in a position not contemplated for the kind of judicial conduct and acts not only shown to be in

breach of the social compact she swore to protect and defend but shown to be with malice and

reckless disregard to the rights of a beneficiary of that compact.

(i)    The Supreme Court case of *Bradley* did not hold that Judicial Immunity bars all acts
       that are malicious and corrupt in the judicial office.

Before the Supreme Court in *Bradley v Fisher* ever came to term, the Supreme Court case

of *Randall* held that judicial officers can be sued for judicial acts if done maliciously or

corruptly. The Supreme Court in *Randall* stated that "[T]his doctrine is as **old as the law**, and its

maintenance is essential to the *impartial* administration of justice." *Randall v. Brigham, 74 U.S.*

*523 (1868)* This Doctrine being that "[J]udicial officers are exempt from liability in a civil action

for their judicial acts done within their jurisdiction... even when their judicial acts are in excess

of their jurisdiction, **unless perhaps where the acts in excess of their jurisdiction are done**

**maliciously or corruptly.**" Id. The Supreme court in *Bradley* called *Randall's* insertion of the

words "malicious or corruptly" – qualifying words. It did not disagree with this doctrine, it stated

"[I]n the *present case*... the qualifying words used were **not necessary** to a correct statement of

the law." *Bradley v Fisher, 80 US 335 – Supreme Court (1872)* 150 years later this doctrine has

been misapplied or simply done away with the wave of the hand. The People did not leave up to

judges to solely decide if a judge is immune from all liability evidenced by the mere fact that

government officials are to take an oath of office before assuming their duties. It was the

Supreme Court case of *Marbury* which in fact stated, "[H]ow immoral to impose it on them, if

they were to be used as the instruments, and the knowing instruments, for **violating what they**

**swear to support.**" *Marbury v Madison. 5 US 137 - Supreme Court (1803*) According to

*Bradely, Randall* and *Marbury,* Judicial immunity does not apply in this case.

### C. QUOTING BIVENS IS UNCESSARY – PLAINTIFF'S COMPLAINT MUST BE LIBERALLY CONSTRUED

Plaintiff's claims against Defendant Geraghty must be liberally construed. Although

Plaintiff does not mention *Bivens* in his Complaint, "[P]ro se pleadings are held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."

*Tannenbaum v. US, 148 F. 3d 1262 – Court of Appeals (1998)* Plaintiff's claim against

Defendant Geraghty as to his 1st and 14th Amendment claims are brought under 28 U.S.C. § 1331

and the United States Constitution. [Doc. 1. Par. 10] Although his conspiracy count names 42

U.S.C. 1983 in the title, the court must liberally construe Plaintiff's claims. "[L]iberally

construed, the complaint alleges a *Bivens* claim against [a] federal defendant." *Leonard v.*

*Federal Bureau of Investigation. No. 10-12896 Court of Appeals (2010*) In determining whether

to devise a new *Bivens* damages action, it has been said that courts should ask two questions: (1)

whether "[A]ny alternative, existing process for protecting the [constitutionally recognized]

interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new

and freestanding remedy in damages," and (2) whether "any special factors counsel hesitation

before authorizing a new kind of federal litigation,' *Wilkie v. Robbins, 551 U.S. 537, 550 (2007)*

*(citing Bush, 462 U.S. at 378*) – Plaintiff succeeds. Defendant's notion that the Supreme court

does not clear a first amendment remedy for *Bivens* claims in its cites to cases leaves out that

those cites did not state a broad prohibition on all first amendment cases, those cases stated that

those litigants did not plead sufficient facts to allege a first amendment claim under *Bivens*.

Defendant then precedes in quoting its opinion before citing cases Defendant purports applies to

the cases it cites before subsequently assuming that Plaintiff alleged an equal protection claim

under the Fourteenth Amendment – its opinion and its assumption Plaintiff denies. Under the

circumstances of this case where it is alleged that a delay in furtherance of a conspiracy

occurred, the deprivation of psychological vindication and a state system that cannot assure the

adequate vindication of protection of rights, there is no alternative remedy for Plaintiff or any

special factors counseling hesitation which hesitation would only result in leaving Plaintiff's

injuries unredressed and without a remedy contrary to *Marbury's* holding solely because of the

status of Defendant's employment as a Federal official. A damages action is proper in this case.

### D. PLAINTIFF STATES A BREACH OF CONTRACT - CONTRACTUAL OBLIGATION - LEGAL OBLIGATION AND LEGAL DUTY AGAINST DEFENDANT GERAGHTY (COUNT 2)

That the framers formed our constitutional compact for the "benefit of the People" cannot

be disputed.[1] Plaintiff alleged that he is the beneficiary to the **U.S. Constitution** (compacts) –

and that Defendant Geraghty is bound by contract with the beneficiaries as a result of her oath.

[Doc. 1. Par. 39-41] The Plaintiff further alleged that Defendant Geraghty taking such oath,

acting as Judge in Plaintiff's Writ of Habeas and § 1983 action, with malice or reckless disregard

for his rights, did refuse to provide Plaintiff a *proper* remedy, redress, psychological vindication

& relief to his *meritorious* grievances. [Id. at. Par. 462-464] Plaintiff states that these duties are

"[S]tate's obligations under the Fourteenth Amendment… not simply generalized ones… the

State **owes to each individual** that process which, in light of the values of a free *society*, can be

characterized as *due*." *Boddie v. Connecticut. 401 US. 371 (1971)*. Plaintiff argues what was *due*

---

[1] It was also James Madison that proposed an Amendment to the Constitution that "[T]he Government is instituted and ought to be exercised for the **benefit** of the People." 1st Congress, 1st Session, June 8th, 1789, pg. 451-453.

here was a *proper* remedy, redress and psychological vindication while acting as Judges and an

"[E]xpression of the individuals allegiance **to the <u>principles</u> embodied in that document**." <u>*In*</u>

<u>*re Lindsey, 158 F. 3d 1263 – Court of Appeals, District of Columbia (1998)*</u> Not otherwise.

(i)    <u>Plaintiff has an enforceable right as third party beneficiary to the U.S. and GA</u>
        <u>Constitutions ("Compacts") to sue Defendant Geraghty for breach of contract.</u>

The Plaintiff alleged an enforceable contractual right to sue Defendant Geraghty as **third**

**party beneficiary** to the "United States Constitution " – the social compact(s) or contract(s)…

for breach of those legal obligations and duties owed to Plaintiff **in that social compact or**

**contract**. Defendant alleges that Plaintiff "fails to establish key elements of the contract

including its terms, the parties to the contract, a breach, causation and injury, not to mention his

standing to assert the claim." [Doc. 42-1. p. 14] However a contract between Plaintiff and

Defendant Geraghty is not necessary as a beneficiary to the United States Constitution. "[T]he

beneficiary of a contract made between other parties **for his benefit** may maintain an action

against the promisor on the contract." <u>*Northern v. Tobin, 585 SE 2d 681 GA Court of Appeals*</u>

<u>*(2003*</u>). Thus, the Plaintiff has an enforceable contractual right to sue Defendant Geraghty for

breach compact in which Plaintiff is a beneficiary, into perhaps she show that he is not.

(ii)    <u>Defendant Geraghty has a contract with the social contract or compacts (United States</u>
        <u>Constitution) in which Plaintiff is a beneficiary.</u>

Plaintiff argues that the Defendant Geraghty's oath of offices was a promise owed to the

beneficiaries of the compact(s) in the law of contracts.[2] "[A] third-party beneficiary contract is

**"one in which the promisor engages to the promisee to render some performance to a third**

**person**." <u>*Northern v. Tobin, 585 SE 2d 681 GA Court of Appeals (2003)*</u>[3] Plaintiff requests the

---

[2] Restatement of Contracts (Second): A promise is a contract.
[3] "[H]ow immoral to impose it on them, if they were to be used as the instruments, and the knowing
instruments, for violating what they swear to support." <u>*Marbury v Madison. 5 US 137 - Supreme Court (1803)*</u>

court take judicial notice of Article VI of the Constitution. Plaintiff argues that Defendant's oath

was in fact a contract to abide by the legal duties and obligations *principled* in the compact(s)

which included providing Plaintiff "an adequate, honest and good faith review" acting as judge

in Plaintiffs Writ of Habeas and § 1983 action and a "proper remedy, relief and redress." [Doc. 1.

Par. 46-47, 66, 406, 417] In other words Defendants oath was a contract with our constitutional

compact(s) – United States Constitution – erected for the benefit of the people and Plaintiff has a

contractual right to now enforce that breach of compact as beneficiary to that compact.

### E. PLAINTIFF STATES A CLAIM FOR VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENT RIGHT TO A PROPER REMEDY, REDRESS AND RELIEF – VIOLATION OF FOURTEENTH AMENDMENT PROTECTION OF THE LAWS (COUNT 4)

Plaintiff proposed a question that interests millions of Americans across the several

states. "For what purpose is the right to a redress of grievances when that right is met by public

servants in either the offices of the judicial or executive branch where the grievance is submitted,

who owe a duty and obligation to provide a remedy if one shall be rendered according to law but

with malice or reckless disregard for the rights of the aggrieved, refuses, fails, withholds or

denies *meritorious* redress when such redress should have been rendered." [Doc. 1. Par. 488]

Plaintiff argues this question has been answered as early as 1803 in the Supreme court case of

*Marbury* in which the court stated, "[I]t cannot be presumed that any clause in the constitution is

intended to be without effect." *Marbury v. Madison. 5 US 137-Supreme Court (1803)* Thus,

Plaintiff argues he was not merely entitled to have his cases heard by Defendant Geraghty, he

was in fact entitled to a *proper* remedy in those cases. As such, Plaintiff alleged two claims

against Defendant. (1) First, a violation of his First and Fourteenth Amendment rights **to a**

**proper remedy, redress and relief**. (2) Second, a violation of his Fourteenth Amendment rights

to **procedural and substantive due process** "in the protection of the laws". [Doc. 1. Count 4]

As applied to this Defendant, Plaintiff alleged that the First Amendment *also* included interests in "[P]rivate litigation - compensation for violated rights and interests, the psychological benefits of vindication [and] public airing of disputed facts" and "the right to a *proper* remedy, redress, relief." [Doc. 1. Pg. 124] Plaintiff further argues "[T]that [he] suffered an actual injury in that [he] lost a chance to pursue a nonfrivolous or arguable underlying claim and (2) that [he has] … no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." *Preacher v. Overmyer, Dist. Court, WD Pennsylvania, (2020)* Plaintiff first addresses Defendant Geraghty's violation of his First and Fourteenth Amendment **right to a remedy, redress and relief** then the latter – the violation of his fourteenth Amendment rights to procedural and substantive due process and how these violations caused him injury because he lost the chance to pursue a nonfrivolous argument & have no other remedy that may be awarded as recompense for the loss of psychological vindication and a *proper* remedy or relief.

(1) THE DENIAL OF PLAINTIFF'S COA AND MOTION TO STAY VIOLATED PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS

Plaintiff argues that in lieu of receiving the *proper* remedy and the psychological benefits of vindication that he was entitled to, which were ruled upon by Defendant Geraghty knowing or having reason to know – based on her 20 years of experience – of what the law was and what it said, rendered decisions that were manifestly incompatible with the law and refused to recuse knowing or having reason to know that they had a bias, prejudice or that their impartiality could reasonably be questioned. [Doc. 1. Par. 66 | pp. 114-115, 118-119] Plaintiff alleged facts showing that these acts were done with **malice and reckless disregard for his rights**. [Id] Thus the Plaintiff argues that those denials violated his 1st and 14th Amendment right in the psychological benefits of vindication and the right to a proper remedy, redress and relief because Defendant's deliberately denied clear *meritorious* requests that required a *proper* remedy.

(a) Delay of Plaintiff's COA and Motion to Stay.

Plaintiff alleged that after the denial of his Writ of Habeas and Motion to stay, he filed

and alleged meritorious claims in his COA and Motion to Stay pending appeal which was filed

on 12/13/2022. [Doc. 1. at 356-359] Plaintiff then alleged a two-month delay occurred before

Defendant Geraghty denied his COA including his Motion to Stay pending appeal although she

could have ruled on his COA and Motion to stay because she was neither hindered nor prevented

from being flexible. [Id. *pp*. 90-91] Plaintiff alleged Defendant Geraghty had a duty to make a

prompt, swift and flexible ruling on his COA and Motion to stay in his federal Writ of Habeas

case but with bias and prejudice for a period of 63 days avoided, delayed and/or frustrated a

ruling on Plaintiff's COA contrary to her duties and obligations and only decided to render a

decision on Plaintiffs COA and his Motion to stay, one (1) day after an inquiry from the United

States Appellate court about said delay. [Id. Par. 370] Plaintiff alleges Defendant Geraghty

finally made her ruling but did so *quickly* due to the U.S. Appeals court inquiring about a delay

she knew and had reason to know was contrary to her legal duties & the habeas statute providing

for a swift, summarily and flexible determination – and placed her personal need to make an

expeditious ruling primarily over the duties and obligations she owed to Plaintiff to avoid any

further delay. [Id. Par. 388-389]

(b) Denial of Plaintiff's COA and Motion to Stay.

Plaintiff alleged that Defendant Geraghty subsequently to delaying a ruling on his COA

and Motion to Stay denied him meritorious relief and a proper remedy on Plaintiff's Certificate

of Appealability and his Motion to Stay. [Doc. 1. Par. 357] Plaintiff argues here that even if his

COA was not necessary, Defendant Geraghty entertained his COA which could have been

construed as a Motion to reconsider that denial – thus her state of mind provides the basis for

Plaintiff's claim that she also denied his COA and Motion to stay contrary to law. Further,

Plaintiff alleged that Defendant Geraghty knew and had reason to know based on her experience

that Plaintiff satisfied the three exceptions to *Younger*. [Doc. 1. Par. 377] To avoid repetition, the

Plaintiff incorporates each of his claims alleged in his Complaint as if fully alleged herein to

show Plaintiff stated meritorious claims that required a *proper* remedy in both his Habeas

petition and Motion to stay pending appeal. [Doc. 1. Par. 373-387] Plaintiff argues that this

denial was no mere denial entered in good faith, rather done with malice and reckless disregard

for his rights being contrary to Defendant Geraghty's legal experience. [Id. at. Par. 66, 406]

    (c) Denial of Plaintiff's Motion to File Electronically.

        Plaintiff alleged and here argues that Defendant Geraghty's denial of Plaintiff's Motion

to file electronically although alleging facts showing the "just, speedy and inexpensive" need to

file electronically in the Federal court evidences bias and prejudice against the Plaintiff not only

in his § 1983 action (Arnold v City of Hampton) but also in his Writ of Habeas action (Arnold v

Broce). [Doc. 1. Par. 408-409] [Doc. 1. pp. 102-106] Plaintiff alleged that he affirmed that he (1)

had an inability to afford the funds for such mailing to the court for his relief, (2) the inference of

obstruction of mail by the U.S. District court clerk's office including but not limited to (3) being

unable to have his filings on the record for 5 days which would prejudice his emergency filings

and such facts manifestly showed the need for a just and inexpensive determination of matters

pending before the court. [Doc. 1 at. 418] Plaintiff alleged this showed a just, speedy and

inexpensive" need to file electronically. [Id.] Plaintiff alleged in despite Defendant Geraghty

denied this motion when she knew or should have known based on her 20 years experience that

to deny his motion would be manifestly incompatible with the law. [Doc. 1. at. 417] Plaintiff

further alleged that and argues that her ruling in this case shows that based on her experience she

knew that she had a bias and prejudice against the Plaintiff in said § 1983 action arising from his

Habeas action and knew that she could not act impartially to the Plaintiff or that her impartiality

could reasonably be questioned due to the denial of a Motion for Permission to file

Electronically which manifestly provided for just and adequate reasons showing why his motion

should have been granted and refused to recuse. [Id. Par. 408-409] [Id. pp. 102-106]

    (d) <u>Plaintiff lost the chance to pursue a nonfrivolous argument & have no other remedy that may be awarded as recompense for the loss of psychological vindication and relief.</u>

Plaintiff realleges and allegations prior hereto by reference.

      For the reasons alleged in Plaintiff's proposed Supplemental Complaint filed

contemporarily herewith Plaintiff argues that he lost the chance to pursue a nonfrivolous

argument and have no other remedy that may be awarded as recompense for the loss of

psychological vindication and relief because his appeal was denied in the United States Court of

Appeals without the benefit of briefing. Notwithstanding, Plaintiff states that his injuries in the

psychological deprivation of his vindication cannot now be remedied because his First

Amendment interests in the psychological benefits of vindication have been successfully

frustrated and delayed by Defendant Geraghty by her denying his COA, his Motion to Stay and

his Motion to file electronically and no recompense can compensate for that type of "frustration

and delay" which is already lost regardless if he could appeal. Moreover, these orders show

malice and reckless disregard for the rights of the Plaintiff – not a good faith intent to rule

according to the law, but contrary to it. Even if the court assumes the Plaintiff's COA was not

required in his Writ of Habeas case – thereby rendering his COA as an unnecessary element to

support his claims stated in this brief – the court would be met with facts that compel Plaintiff's

required relief. That is, that Plaintiff's Writ of Habeas action was heard without the benefit of

briefing including his appeal therefore Plaintiff lost the chance to pursue a nonfrivolous

argument & have no other remedy that may be awarded as recompense because of those reasons. This is because if the court considers that his COA was not required to appeal the denial of the dismissal of his habeas petition then this would only operate to show that the same consideration applied on Plaintiff's appeal in his Habeas case and that his appeal was heard without the benefit of briefing. [See Doc. 1. Par. 404] It was the Supreme Court who stated, "[I]t is undesirable for us to decide a matter of this importance in a case in which we do not have the benefit of briefing by the parties." *National Aero. and Space Admin v. Nelson, 562 US 134, 131 S.Ct 746 (2011)* These same facts applies to Plaintiff's appeal. Therefore, contrary to the Defendant's claims that there is an adequate alternative remedy, there could be no *adequate* alternative remedy "[I]n such situations, [where] pleading defects may not only be latent, [but] easily missed or misperceived without full briefing." *Loreley Financing no. 3 v. Wells Fargo Securities, 797 F. 3d 160 Court of Appeals – 2nd Circuit (2015)* This only evidences the need to seek extraordinary remedies outside the realm of a normal appeal while on appeal solely because of Defendant Geraghty's consideration of his COA absent construing such as a Motion to reconsider to provide Plaintiff the benefit of briefing on appeal – to his detriment – or the simple fact that the COA was not required although entertained in the district court. Thus, Plaintiff has lost the chance to pursue a nonfrivolous argument & have no other remedy that may be awarded as recompense for the loss.

(2) THE DENIAL OF PLAINTIFF'S COA AND MOTION TO STAY VIOLATED PLAINTIFF'S 14th AMENDMENT RIGHTS TO PROCEDURL AND SUBSTANTIVE DUE PROCESS

Plaintiff realleges all allegations prior hereto by reference.

Plaintiff now addresses Defendant's violation of his Fourteenth Amendment Rights to procedural and substantive due process in the **protection of the laws** under Count 4. [Id. ¶ 485, 493] It is clear that "[T]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." *Marbury v.*

*Madison, 5 US 137 – Supreme Court (1803)* "[F]or, in that category… if the Federal Constitution prohibits a State from taking certain actions regardless of the fairness of the procedures… the constitutional violation is complete as soon as the prohibited action is taken; the independent **federal remedy is then authorized** by the language and legislative history of § 1983." *Daniels v. Williams, 474 US 327 – Supreme Court (1986)*

(i)   Defendant's violated Plaintiff's Substantive and Procedural Due Process Rights.

Plaintiff argues that the, "[T]he substantive component of the Due Process Clause protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Waddell v. Hendry County Sheriff's Office, 329 F. 3d 1300 (2003)* As such, Plaintiff argues that although he had a right to review his Writ of Habeas action, his Motion to stay and his Motion to file electronically in the district court where those cases were filed, he was in fact entitled to substantive due process within that action and the outright denial of a *proper* remedy and psychological vindication in that relief violated his 14th Amendment substantive due process rights. Based on Defendant Geraghty's legal experience these actions show that there were deliberate and intentional to deprive Plaintiff of a *proper* remedy and as further alleged below, for the purposes of a conspiracy. These facts show a complete evisceration of the purposes of Federal power that was erected to provide a check against state oppression. It was Senator Osborn that stated in the 42nd Congress, 1st Session, in discussing the Civil Rights Act of 1871 that "[W]e are driven by existing facts to provide for the several states in the South what they have been unable to fully provide for themselves; i.e., the full and complete administration of justice." *Mitchum v. Foster, 407 US 225 – Supreme Court (1972)* The facts show that a Federal actor employed within a Government, which government took away the need of an underground railroad by the passing of the Fourteenth Amendment,

engaged in patterns and practices in her office to railroad the Plaintiff regardless of any

Amendment and protection the Plaintiff was entitled to as a beneficiary of the U.S. Constitution.

The facts show that Defendant Geraghty did not provide a check on state oppression as a Federal

actor but became an esoteric arm of that state oppression in a secret operation and railroaded and

deep-sixed his meritorious relief with bias and prejudice and in furtherance of a major and broad

conspiracy to protect a state actor. These claims are undoubtedly "[A]rbitrary" and "outrageous",

in a constitutional sense, to make out a valid substantive due process claim." *Velez v. Levy, 401*

*F. 2d 75 – Court of Appeals, 2nd Circuit (2005)*

Plaintiff further argues that his grievances filed within his Habeas and § 1983 action in

which Defendant Geraghty was a presiding judge was an exercise in the protection of the laws

pursuant to such filings in those cases & Defendant Geraghty's denial of those meritorious

grievances violated his procedural due process right regardless of the right to a remedy or appeal.

**F. PLAINTIFF STATES CONSPIRACY CLAIM AGAINST DEFENDANTS**
Plaintiff realleges all allegations prior hereto by reference.

Knowledge of the conspiracy may be established "through proof of surrounding

circumstances such as acts committed by the defendant which furthered the purpose of the

conspiracy." *United States v. Geovanni, Court of Appeals, 11th Circuit No. 19-11044 (2022)*

Plaintiff has pleaded facts at this stage of litigation to review whether there is evidence sufficient

to "warrant a jury determination of whether a *conspiracy* existed." *Hanrahan v. Hampton, 446*

*US 754 - Supreme Court (1980)*

(i)     Defendant Geraghty's involvement in conspiracy.

Defendant Geraghty testified that she had 20 years of experience to know what the law is,

what it says and what it demands. [Doc. 1. Par. 346] Questions arise to her impartiality based on

Defendant Geraghty denying even the most basic of relief of which Plaintiff was clearly entitled

to receive which denials were manifestly incompatible with the law and her experience. [Doc. 1. Par. 346-347] [Doc. 1. pp. 87-106] These acts are not isolated but evince patterns of a scheme to avoid rendering Plaintiff a *proper* remedy by strategic *judicial stratagem*. Further, this judicial stratagem is neither isolated, but done in conjunction with the continuation of the *meritorious* denial, delay, acquiescence or ignoring of grievances submitted in Georgia's executive and judicial branch as alleged in this complaint as a whole against nearly every Defendant involving the same Georgia judge – Brian Amero. These facts show and create the inferences of a broad conspiracy. Plaintiff argues that his Writ of Habeas Petition and Motion to Stay which was denied by Defendant do not evidence those type of court orders entered by a judge exercising good faith, in which an appeal would be an adequate responsive remedy, rather, it shows a continuation of the usurpation of public office and an esoteric conspiracy by a Federal actor who with malice and reckless disregard for Plaintiff's rights knew of the need and at every turn did deny Plaintiff even the clearest *meritorious* redress, railroaded, delayed or deep-six his relief, redress and his remedy. Facts also show that Defendant Geraghty did so because there was a possibility or certainty that criminal prosecution could or would be brought against judge Amero in the relief requested because of the criminal nature of a falsified record. [Id. Par. 389-404] The facts in the complaint as a whole and circumstantial evidence from which inferences can be drawn show agreements or knowledge of a goal that Plaintiff alleged – delay, deny, prevent Plaintiff's proper remedy against Brian Amero if there was a likelihood or certainty that criminal prosecution would result in the relief Plaintiff requested. [Doc. 1. p. 2-4] Thus, the agreement necessary to prove that Defendant Geraghty engaged in conspiracy is apparent regardless of direct evidence showing an agreement. "[C]onspiracies are by their very nature secretive operations, and may have to be proven by circumstantial evidence, rather than direct, evidence."

<u>Harris v. Pierce County, Dist. Court, SD Georgia (2014)</u> "[T]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." <u>Cruz v. Savoie, Dist. Court, ED California (2023)</u>

(1) <u>THERE IS CIRCUMSTANTIAL EVIDENCE AND INFERENCES OF DEFENDANT GERAGHTY'S INVOLVEMENT IN A CONSPIRACY AGAINST PLAINTIFF.</u>

Plaintiff argues that Defendant Geraghty (A) knew or had knowledge of the common objective of the conspiracy (B) willfully participated in the conspiracy and in furtherance thereof denied Plaintiff of meritorious relief and redress.

(a) <u>Defendants Geraghty knew of the common conspiratorial objective and need not have known all the details of the conspiracy.</u>

Defendant Geraghty knew of and had knowledge of the common goal of the conspiracy, as Plaintiff alleged was a "[G]eneral conspiratorial objective to frustrate or deny Arnold of due and proper redress, relief, remedy vindication and protection of the laws when such grievances involved chief judge Brian Amero." [Doc. 1. P. 2] Defendant Geraghty, like all Defendants in this case, knew that the grievances asserted, and that the relief requested by the Plaintiff involved orders or relief requested against Georgia judge Brian Amero. [Id. ¶ 351] Defendant Geraghty also knew that one of those orders from which Plaintiff sought review of, was what he alleged to be a "Falsified Child Support Addendum." [Id. ¶ 353] Plaintiff alleged that Defendant Geraghty knew that Plaintiff alleged claims within his Habeas Petition that Respondents in that action (acting in concert with others) "knowingly" placed Petitioner in a position of "custody" under an unlawful registered controlling support order for enforcement in a contempt action that was itself *criminal in nature* and knew that Plaintiff alleged claims within his Writ of Habeas (1 :21-cv-04536-SEG. Doc. 1) petition that the conspirators *knew* the support order was unlawful. [Id. ¶ 353-354, 391] Defendant Geraghty also knew the same as alleged within Plaintiff's COA and

Motion to stay pending appeal. [Id. Par. 357, 372-406] Plaintiff alleged that Defendant Geraghty knowing such facts, knew and had reason to know based on her experience that a key, if not the most important claim in Plaintiffs grievance was whether (1) the support order was unlawful and knew based on her experience that if she was to rule in Plaintiffs favor, that there was a possibility, likelihood or certainty that criminal prosecution could be brought against Georgia judge Brian Amero [Id. ¶ 392] Even if the Defendants did not know the full extent of the criminal nature of falsified records, which she did, Defendant Geraghty still knew of the general common goal.

(b) <u>Defendants willfully participated in the conspiracy and in furtherance thereof denied Plaintiff of meritorious relief and redress.</u>

Plaintiff alleged that there is no other plausible reason (and the only plausible reason) why a newly confirmed Federal Judge with over 20 years of legal experience would delay a ruling on Plaintiffs COA and his Motion to Stay knowing it be contrary to her duties and law and only after the U.S. Court of Appeals inquired about her delay, render a decision concluding Plaintiffs meritorious claims in his COA frivolous, deny his motion to stay and motion to file electronically knowing or having reason to know that to do so was manifestly incompatible with the law – If she had not known or had no knowledge of such an esoteric understanding, shared motive or agreement of the need to deny Plaintiff of any relief related to any grievances of Georgia Judge Brian Amero. [Doc. 1. Par. 404] Plaintiff argues that her subsequent denial of Plaintiff's motion to file electronically weighs against good faith actions entered in Plaintiff's Writ of Habeas cases. [Id. at *pp*. 102-106] Further, Plaintiff alleged that Defendant Geraghty's 2/14/2023 order came nearly 3 weeks after Defendant Appellate Justices affirmed a child support addendum which was **an issue in his Writ of Habeas action** and knew and had reason to know of the need to deny Plaintiff further relief in his Habeas action <u>in furtherance of the conspiracy</u>.

[Id. at. 400] What is shown here are broad "[S]ecretive operations… by circumstantial

evidence," [*Harris v. Pierce County, Dist. Court, SD Georgia (2014)*] and the Defendant's

involvement in that secret operation by acts in furtherance thereof in frustrating or denying

Arnold of *proper* redress, relief, remedy, and vindication and the protection of the laws when

such grievances involved chief judge Brian Amero. Based on the circumstances as a whole in

this complaint concerning how Plaintiff's grievances were treated when it involved Georgia

judge Brian Amero and how Defendant Geraghty made her rulings in response to meritorious

redress against said judge in his Habeas action and how bias, prejudice or partiality from that

conspiracy played a factor in Plaintiff's § 1983 case where she also denied meritorious redress,

all favor Defendant Geraghty's participation in a conspiracy and all that it is needed find such

conspiracy, liberally construing Plaintiff's complaint, is "[J]udicial experience and common

sense." *Geinosky v. City of Chicago, 675 F 3d 743- Court of Appeals Seventh Circuit (2012)*.

   **G. DEFENDANT GERAGHTY IS NOT ENTITLED TO QUALIFIED IMMUNITY**
Plaintiff repeats all allegations prior hereto by reference.

   In the 11th circuit "This Court's case law **does not require a case directly on point** for a

right to be clearly established, existing precedent must have placed the statutory or constitutional

question beyond debate." *Torres v. Howell, Court of Appeals, 11th Circuit (2022)* It is clearly

established and Plaintiff argues that *Marbury* put beyond debate that Defendant in fact had to

render Plaintiff a *proper* remedy for *meritorious* redress. It has been clearly established since

1803 that every injury have "its *proper* redress." *Marbury v. Madison, 5 US 137 – Supreme

Court (1803)* Because Plaintiff's Habeas petition, his COA and Motion to stay *pending appeal*

was filed in the proper court – it deserved the *proper* remedy. To state that Plaintiff only has a

right to petition *for* redress but not obtain the redress he petitions for obscures that "[I]t cannot be

presumed that any clause in the constitution is intended to be without effect." *Marbury v.*

*Madison. 5 US 137-Supreme Court (1803)* The notion of such flies in the face of the protection

promised to Plaintiff and all citizens – the whole reasoning of the People's creation of a politic

society in the first place. See *Carlisle v United States, 83 US 147 – Supreme Court (1873*) The

Denials of *proper* relief in Plaintiff's Writ of Habeas Action and his § 1983 action and the

psychological deprivation in his vindication in such *proper* redress – show typically and obvious

to have all been apart of "[C]onspiracies, cover-ups, and other officials acts that have impeded,

and now preclude, a plaintiff from obtaining a *remedy* in a **meritorious** case." *Point Conversions,*

*LLC v. Lopane, Dist. Court, S.D. Florida (2021*), notwithstanding and "[R]egardless of the

fairness of the procedures used to implement them." *Waddell v. Hendry County Sheriff's Office,*

*329 F. 3d 1300 (2003)* As to Plaintiff's COA, even if the court suggests that a COA was not

required based on the dismissal of Plaintiff's Habeas action because Plaintiff was not "in

custody", two circumstances arise that compel Plaintiff's relief. (1) Plaintiff's Writ of Habeas

action was heard without the benefit of briefing to the detriment of Plaintiff not only in the

district court but also (2) including on his appeal in the United States Court of Appeals. Any

court would then be faced with the exact situation the United States Supreme would face when it

stated that "[I]t is undesirable for us to decide a matter of this importance in a case in which we

do not have the **benefit of briefing** by the parties." *National Aero. and Space Admin v. Nelson,*

*562 US 134, 131 S.Ct 746 (2011)* Moreover, Defendant Geraghty ruled upon the COA which

could have been construed as a Motion to reconsider – albeit denied said motion its *proper*

remedy. Overall, Defendant Geraghty's actions are well within "[A]rbitrary" and "outrageous",

in a constitutional sense, to make out a valid substantive due process claim." *Velez v. Levy, 401*

*F. 2d 75 – Court of Appeals, 2nd Circuit (2005)*

## H. ELEVENTH AMENDMENT IMMUNITY DOES NOT APPLY

For the same reasons alleged in Plaintiff's Response in Opposition to Defendant's Kemp and Carr's Motion to Dismiss, if for any reasons the Defendants contend that Eleventh Amendment Immunity applies in this case, it does not apply against Defendant Geraghty in her personal capacity. [See Doc. 37 p. 3-5, 8]

## I. PLAINTIFF STATES A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff realleges all allegations prior hereto be refence.

All of the actions done by Defendant Geraghty clearly shock the conscience and caused Plaintiff severe mental and emotional distress and came from the violations of his constitutional rights. [See Doc. 1. Par. 421-431] Plaintiff alleges his danger could have been redressed and the intentional infliction of emotional distress already occurring in this case mitigated, however, that Defendant Geraghty with malice and reckless disregard for the rights of the Plaintiff refused to provide Plaintiff a *proper* remedy, redress, psychological vindication & relief to his meritorious grievances in his Writ of Habeas action including his 1983 action. [Doc. 1. pp. 106-109] Plaintiff alleged that such acts cause Plaintiff severe mental and emotional distress, mental anguish, anxiety. [Id.] Plaintiff alleged that under the circumstances where it is alleged that a Federal Judge with an obligation and duty to provide protection of the laws, who disregarded those obligations and duties in order to deny or delay and use judicial stratagem against a citizen seeking meritorious relief, a proper remedy, redress and the psychological vindication in a Habeas proceeding where it was alleged he was being held in custody in violation of the Constitution that threatened his safety and security would certainly cause severe emotional or mental distress and that Defendant Geraghty **would know that either anxiety, worry, distress, fear and emotional and mental distress would in fact occur** and would be necessary to achieve the goals of conspiracy. [Id. at. 431]

Plaintiff further alleged Defendant Geraghty knew based on Plaintiffs allegations within his Writ of Habeas that his alleged "custody" threatened his safety and security – his life – and knew that to deny Plaintiff's COA as frivolous and certify that it was filed in bad faith would cause Plaintiff severe anxiety, distress and worry in knowing that in his attempts to seek relief to prevent such a threat would be delayed or frustrated and knowingly looked upon as frivolous even if the claims alleged therein had an arguable basis in fact or law. [Id. at. 428] Plaintiff also alleged it could be argued to a jury that to delay a ruling on Plaintiffs COA and his Motion to stay including denying Plaintiffs emergency COA in concluding that it was frivolous and filed in bad faith and his Motion to Stay knowing or having reason to know based on her experience that to do so was manifestly incompatible with the law would cause Plaintiff severe emotional and mental distress and severe anxiety. [Id. at. 426-427]

The Plaintiff alleged he had to experience severe mental and emotional distress & anxiety in knowing that a Federal Judge within the Federal government whose governmental history is entrenched in efforts to protect the people from *state* Tyranny and Oppression had decided to, with malice or recklessness, deny, delay and frustrate Plaintiffs grievances alleging such Tyranny and Oppression without justification knowing it to be manifestly incompatible with the law and Plaintiff experienced a severe sense of anxiety, distress, fear and hopelessness and a substantial removal of confidence in any system of government state or Federal in society. [Id. at. 425] As such, under these facts, it describes the shocking and intentional behavior looked for when deciding an Intentional Infliction of Emotional Distress claim – Defendants knew that to engage in such conduct would in fact cause Plaintiff severe mental and emotional distress.

**J. SOVEREIGN IMMUNITY DOES NOT APPLY TO THIS CASE**

Defendants quotes its opinion of a case law before subsequently citing to cases that do not purport to allege what the Defendant's opinion cites. This was done a number of times by Defendants in their Motion to dismiss but as to its opinion on Sovereign Immunity, Defendant Geraghty stated in her motion that "Absent a specific waiver of immunity, the United States, *its officers* and its agencies, are immune from suit and courts lack jurisdiction over them. *FDIC v. Meyer, 510 U.S. 471, 474–75 (1994)*." [Doc. 42-1 p. 14] The *FDIC v Meyer* case in fact stated that, "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer, 510 U.S. 471, 474–75 (1994)* It did not state that *its officers* were immune. It in fact rejected this notion by stating that, "[I]f we were to imply a damages action directly against federal agencies, thereby permitting claimants to bypass qualified immunity, there would no reason for aggrieved parties to bring damages actions against individual officers." *Id*. The same applies here. Defendant Geraghty was sued in her individual capacity, not an official capacity, thus this too cannot imply a damages action against the United States Government for the same reasons mentioned – no Federal tort claims or contractual claims against the U.S. is necessary when here Defendant Geraghty is sued in an official capacity.

Submitted this 22nd day of August 2023.

Mr. Deandre Arnold
**Mailing Address**: 7577 Rutgers Circle
Fairburn, Georgia 30213
**Email**: Dresmailbox89@gmail.com
**Telephone**: 470-514-3097

## <u>CERTIFICATE OF SERVICE</u>

Plaintiff, Deandre Arnold, files his certificate of service and states that the foregoing

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SARAH GERAGHTY'S**

**MOTION TO DISMISS** was sent to the United States clerk of the Court's office. Plaintiff at this

time cannot afford to send said documents to the below Defendants however to avoid prejudice

certifies to send a copy of the foregoing to counsel's email. Moreover, Defendant counsel will get

electronic notice of Plaintiff's foregoing motion via the ECF system at the time of the filing with

the United States clerk's office.

**ELLEN CUSIMANO**
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334-1300

**A.D.A NEELI BEN DAVID**
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 3030

Dated: August 22nd, 2023

_____

Attn: Arnold, Deandre
**Mailing Address**: 7577 Rutgers Circle
Fairburn, Georgia 30213
**Email**: Dresmailbox89@gmail.com
470-514-3097