FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 25 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORIGA
# ATLANTA DIVISION

Deandre Arnold,
   Plaintiff,

v.

**CIVIL ACTION NO.**
**1:23-2219-JPB**

Brian Kemp et al.,
   Defendants.

---

## PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff, moves for leave to file a supplemental complaint "setting out... event[s] that happened after the date of the [original] pleading" in this case." Fed. R. Civ. P. 15(d). Plaintiff files this complaint with respect to actions relevant to Defendant Geraghty. Plaintiff request that the attached proposed Supplemental Complaint be accepted and docketed as filed, and Defendant Geraghty be ordered to "plead to the supplemental pleading within a specified time." See *Id*.

## BACKGROUND

While this case remain pending, on July 27th, 2023, without a panel, Appellant's *emergency* COA and Motion to proceed IFP on appeal were denied. Plaintiff's COA was denied as "unnecessary" by circuit judge Jill Pryor "Because the district court dismissed Mr. Arnold's petition for lack of jurisdiction, **he is not required to obtain a COA to appeal** the denial of his petition." Plaintiff's Motion to proceed IFP on appeal was too denied as frivolous by Circuit Judge Jill Pryor's adoption of the Defendant Geraghty's December 6th, 2023 order in stating that,

"Mr. Arnold has no non-frivolous arguments for appeal, as the **district court properly determined** *that Mr. Arnold failed to satisfy the "in custody" requirement* because he only alleged a possibility of incarceration." Judge Jill Pryor's order thus operates to render both his 7/27/2023 Order on appeal and Defendant Geraghty's December 6th, 2023 Order in his Habeas action entered without the benefit of briefing. In other words, because Plaintiff's COA was denied as unnecessary and his Motion to Proceed IFP denied as frivolous, Judge Jill Pryor entered her Order without the consideration of any arguments in Appellant's COA filed in that Appeals court and merely reverted to the 12/6/2022 district court decision entered in by Defendant Geraghty denying his Writ of Habeas petition. Because Judge Jill Pryor reverted back to Defendant Geraghty's 12/6/2022 order – which was filed before Plaintiff ever filed a COA – his Habeas action was too heard without the benefit of briefing on appeal. These actions were unknown to Plaintiff at the time of the filing of his initial Complaint and thus now presents and sheds on new claims based on actions that occurred after the filing of Plaintiff's Original Complaint. Judge Jill Pryor reverting back to Defendant's 12/6/2022 Order and rendering his COA unnecessary on appeal operated to deprive Plaintiff the benefit of the briefing of his arguments on appeal which were presented, preserved and entertained in the district court by Defendant Geraghty who later denied his COA. Defendant Geraghty, knowing or having reason to know that Plaintiff's COA was not required to appeal did not construe Plaintiff's COA as a motion to reconsider which would have allowed some benefit of briefing, however ruled upon his COA by deeming it frivolous which in turn deprived Plaintiff of the benefit of briefing on appeal and affects Appellant's first Amendment rights. Defendant Geraghty also stated that Plaintiff could seek to obtain a certificate [COA] in the United States Court of Appeals. This advice was followed up to the United States Court of Appeals clerk's office who required

Plaintiff to also file a COA in the United States Court Appeals within 30 days – the day after the Defendant Geraghty denied Plaintiff's COA. On July 27th, 2023, United States Court of Appeals Judge Jill Pryor then ruled that Plaintiff's COA was unnecessary before eventually ruling that Plaintiff presented no non-frivolous arguments because the district court properly determined that Mr. Arnold failed to satisfy the "in custody" requirement – which operated to render both his appeal and district court habeas action heard without the benefit of briefing. Thus, Plaintiff asserts that he has lost the chance to pursue a non-frivolous argument for which no recompense can be had to his detriment based on the ruling handed down in the court of appeals denying his COA as unnecessary and Motion to proceed IFP as frivolous which thus operated to deprive Plaintiff of the benefit of briefing in both courts – the district court & the U.S. Court of Appeals.

The rendering of Plaintiff's COA as unnecessary and the denying of his claims as frivolous by United States Court of Appeal's judge Jill Pryor, and without a panel, provides the basis for the claim that Plaintiff's right of appeal did not provide an adequate alternative remedy at law because it was heard without the benefit of briefing on appeal – which briefing or (COA) was heard in the district court by Defendant Geraghty denying his COA as frivolous – which claim was not known, did not exist before or after the filing of the Plaintiff's Original complaint. These claims further support that when it came to Plaintiff's grievances, Defendant Geraghty delayed, denied, prevented or frustrated his relief knowing and having reason to know to do so was manifestly incompatible with the law and contrary to her duties and obligation owed to the Plaintiff. [Doc. 1. Pp. 87-102] The Appeals court ruling is now thus the mere product of Defendant Geraghty's 12/6/2023 decision in the district court. Thus Plaintiff seeks to supplement his complaint to add Supplemental factual allegations regarding the circumstances and the denial of his appeal in the United States Court of Appeals which arose from his Writ of Habeas action

## ARGUMENT

The Court should grant the Plaintiff's motion to file a supplemental complaint. "On Motion and reasonable notice, the court may, on joint terms, permit a party to serce a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15; Burns v Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998) Rule 15(d) is intended to give the "broad consideration in allowing a supplemental pleading." A court should grant leave to file a supplemental complaint if supplementation would 1) allow for complete adjudication of the parties' disputes, and 2) not cause undue delay or prejudice. See Jackson Women's Health Org. v. Dobss, 379 F. Supp. 3d 549, 551 (S.D. Miss. 2019), aff'd, 951 F. 3d 246 (5th Cir. 2021); Garrett v. Wexford Health, 938 F. 3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611, 206 L. Ed. 2d 955 (2020): William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1981); 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil s 1504 (1971) Moreover, absent a clear showing of prejudice to the opposing party, supplemental pleadings are liberally allowed. Keith v. Volpe, 858 F.2d 467, 473 (9th cir. 1988). Because such a showing of prejudice cannot be made, this Court should grant Plaintiff's motion.

### I. Supplementing Plaintiff's Original Complaint Promotes an Efficient Adjudication of the Parties Disputes.

Granting Plaintiff leave to file his supplemental complaint will promote the efficient and speedy adjudication of the dispute against Defendant Geraghty without prejudice to any parties. The July 27th, 2023 United States Court of Appeals order entered in by Judge Jill Pryor and without a panel and without the benefit of briefing and this Court's adjudication of Plaintiff's First Amendment claims against Defendant Geraghty bear relevant and sufficient weight on the

resolution of those claims in the United States Court of Appeals in regard to Plaintiff's alternative or adequate remedy. Defendant Geraghty herself stated in her motion to dismiss that, "Plaintiff has failed to establish why a right of appeal did not provide an adequate alternative remedy at law." [Doc. 42-1 p. 12] However, Plaintiff did not know the basis for such argument as alleged herein until on or around 7/27/2023 – less than 10 days before Defendant Geraghty filed her motion – when U.S. Court of Appeals judge Jill Pryor entered an Order that operated to deprive Plaintiff without the benefit of briefing and without a panel hearing. While Supplemental pleadings can only be filed with leave of court and upon such terms as are *just*, they are favored because they enable the court to award complete relief in the same action, avoiding the costs and delays of separate suits. Here, Plaintiff seeks to file a supplemental complaint because Defendant Geraghty's December 6th, 2023 order was adopted by circuit judge Jill Pryor who, following denying his COA as unnecessary also stated in her order that, **"the district court properly determined** that Mr. Arnold failed to satisfy the in-custody requirement." As such, not only did Plaintiff's appeal result an order without the benefit of briefing, his Habeas action was too heard without the benefit of briefing because the circuit judge simply adopted the reasoning for Defendant Geraghty's dismissal in her 12/6/2023 order which was entered prior to any briefing or argument or filing of his COA in the district court. Thus, based on the recent U.S. Court Appeals order there exists new claims that did not exist at the time of the initial filing of this Complaint by way of Judge Jill Pryor's July 27th, 2023, Court order.

(i)  No Prejudice will occur to Defendant.

Further, no prejudice will be invited upon Defendant Geraghty by the filing of Plaintiff's supplemental pleading. Defendant Geraghty in fact responded to the Plaintiff's complaint on August 8th, 2023, just a few days after the United States Court of Appeals adopted her decision in

the United States Court of Appeals on July 27th, 2023. [Doc. 42-1] Responding to these claims will not result in any undue prejudice to Defendant Geraghty or any other party for the same reasons. Moreover, no scheduling order has been established in this case, and, as such, the parties are not likely to enter a trial phase in the next few weeks – Defendant Geraghty will thus have more than ample of enough time to prepare a defense to Plaintiff's newly raised claims in support of his causes of action.

## II.     Plaintiff's Satisfy the Criteria for Supplementation.

A court should consider several factors in granting leave to supplement a complaint. "(1) undue delay, (2) bad faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of amendment." *Jackson Women's Health Org. v. Dobss, 379 F. Supp. 3d 549, 551 (S.D. Miss. (2019)* Here, these factors weigh in favor of supplementation. The facts which give rise to the Supplemental complaint occurred on July 27th, 2023, after the Complaint was filed. Plaintiff's supplemental allegations and claims *relate* to the recent adoption of the district court's order by Circuit Judge Jill Pryor. Although, a COA was filed and entertained by Defendant Geraghty in the district court by being later denied as frivolous on February 14th, 2023, the Plaintiff's COA was later rendered as "unnecessary" by circuit judge Jill Pryor in the U.S. Court of Appeals on July 27th, 2023, who ruled "the denial of a Writ of Habeas petition based on jurisdiction did not require a COA to appeal." Simultaneously, Judge Pryor also denied Plaintiff's claims as frivolous based on the reasoning in Defendant Geraghty's December 6th, 2023, order. Therefore, Plaintiff's First Amendment claims and new facts bear significant weight and relevance to the defenses of Defendant Geraghty asserted against Plaintiff in her alleging "Plaintiff had an adequate alternative legal remedy by right of appeal." Moreover, there has been no prior

deficiencies that were uncured; the supplemental complaint is caused only by the order denying Plaintiff's Motion to Proceed IFP on appeal and rendering his COA unnecessary by circuit Judge Jill Pryor which order was entered *before* the filing of Defendant Geraghty's motion to dismiss Plaintiff's complaint and *before* the filing of this Complaint itself. Further, for the reasons stated above, neither Defendant in this action will suffer any legal prejudice. New litigation or delay would only prejudice Plaintiff in the continued erratic impoverishment through growing expenses of litigation and contribute to the delays which affect the emergent status of Plaintiff's case which delay is growing in a showing to be to the detriment of Plaintiff and for the overall benefit of the conspiracy alleged on page 3 of his Complaint. [See Doc. 1. p. 3]

## CONCLUSION

For the foregoing reasons, Plaintiff's request that this Court grant Plaintiff's Motion for Leave to File Plaintiff's Supplemental Complaint, direct the Clerk to docket as filed the attached proposed Supplemental Complaint, and direct the Defendants to plead to the Supplemental Complaint in such time period as the Court directs. *See* Fed. R. Civ. P. 15(d).

Submitted this 22nd day of August 2023.

*/s/ Deandre Arnold*

Mr. Deandre Arnold
**Mailing Address**: 7577 Rutgers Circle
Fairburn, Georgia 30213
**Email**: Dresmailbox89@gmail.com
**Telephone**: 470-514-3097

## CERTIFICATE OF SERVICE

Plaintiff, Deandre Arnold, files his certificate of service and states that the foregoing **PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT** was sent to the United States clerk of the Court's office. Plaintiff at this time cannot afford to send said documents to the below Defendants however to avoid prejudice certifies to send a copy of the foregoing to counsel's email. Moreover, Defendant counsel will get electronic notice of Plaintiff's foregoing motion via the ECF system at the time of the filing with the United States clerk's office

**ELLEN CUSIMANO**
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334-1300

**A.D.A NEELI BEN DAVID**
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 3030

Dated: August 22nd, 2023

Attn: Arnold, Deandre
**Mailing Address**: 7577 Rutgers Circle
Fairburn, Georgia 30213
**Email**: Dresmailbox89@gmail.com
470-514-3097