IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEANDRE ARNOLD, | |
| PLAINTIFF, | Civil Action No. |
| v. | 1:23-cv-2219-JPB |
| BRIAN KEMP, ET AL., | |
| DEFENDANTS. | |

**OPPOSITION TO MOTION TO SUPPLEMENT COMPLAINT
ON BEHALF OF HONORABLE SARAH E GERAGHTY**

Plaintiff Deandre Arnold moves to file a "supplemental complaint" pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. In his original complaint and proposed supplemental complaint, Plaintiff names the Honorable Sarah E. Geraghty, District Judge of the Northern District of Georgia, (hereinafter "Judge Geraghty") as a defendant. (Doc. 48). Judge Geraghty opposes the motion because it is futile.

## Background

It is undisputed that Plaintiff's allegations as to Judge Geraghty arise out of her judicial oversight and adjudication of two lawsuits that Plaintiff filed in the Northern District of Georgia: an "emergency habeas" petition, *Deandre Arnold v. Candice Broce, et al.,* Civil Action No. 1:22-cv-04536-SEG ("Arnold habeas

petition"), and an action brought under 42 U.S.C. § 1983 against various state and county employees, *Deandre Arnold v. Gloria Bannister, et al.,* Civil Action No. 1:21-cv-4970-SEG ("Arnold 1983 Action").

In a motion to supplement the complaint, Plaintiff specifically asks for leave to incorporate into the complaint certain facts regarding the procedural posture of the Arnold habeas petition in the Eleventh Circuit, specifically the denial of his emergency Certificate of Appealability and denial of his motion to proceed in forma pauperis. Doc. 48 (Motion to Supplement) p. 2; *see also* Arnold Habeas Petition Doc. 22 (entered on July 27, 2023). He contends that these rulings of the Eleventh Circuit, "unknown to Plaintiff at the time of the filing of his initial Complaint," warrant supplementation of the original complaint because, along with Judge Geraghty's order of December 6, 2022, these orders denied him the right to brief his appeal more fully. *Id*. Plaintiff contends that he "lost the chance to pursue a non-frivolous argument" based on "the ruling handed down in the court of appeals denying his COA as unnecessary and [his[ [m]otion to proceed IFP as frivolous, thus depriv[ing him] of the benefit of briefing in both courts." Doc. 48 p. 3.

## Argument

Under Rule 15(d), leave to permit a supplemental pleading is "favored" but "'cannot be used to introduce a separate, distinct, and new cause of action.'" *Ledford v. Astrue*, No. CV408-143, 2009 WL 5067455, at *1 (S.D. Ga. Dec. 23, 2009) *quoting Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) *and In re Exxon Valdez*, 2009 WL 605900 at * 2 (9th Cir. Mar.10, 2009). Under Rule 15(d), a district court need not grant leave to supplement if supplementation is futile. *Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000) (holding supplementation is futile if the change in facts brought to the court's attention is irrelevant under the governing law); U.*S. ex rel. Gadbois v. PharMerica Corp*., 809 F.3d 1, 7 (1st Cir. 2015) (holding that the futility of supplementation may suffice to ground a denial of a Rule 15(d) motion).

The Court need not grant leave to supplement the complaint in this case because the effort is futile. Simply stated, the proposed second amended complaint does not cure the deficiencies in Plaintiff's original complaint. First, the added events do not establish the jurisdictional basis for this lawsuit. As explained in Judge Geraghty's motion to dismiss the original complaint, Plaintiff has not set forth a viable cause of action against Judge Geraghty. Section 1983 of Title 42 of the United States Code fails to provide jurisdiction here. *Hindman v.*

*Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). Moreover, Plaintiff has failed to establish a corresponding federal cause of action that would apply to Judge Geraghty's alleged judicial actions. The Supreme Court and the Eleventh Circuit have declined to extend a *Bivens* remedy to similar claims.  See *Egbert v. Boule*, 142 S. Ct. at 1807; *Reichle v. Howards,* 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.").  Likewise, the Equal Protection Clause of the Fourteenth Amendment, by its own terms, provides a cause of action only against state governments and state actors, not a federal employee. *Shell v. U.S. Dep't Of Hous. And Urb. Dev.*, 355 F. App'x 300, 307 (11th Cir. 2009) (holding district court did not err in concluding that Fourteenth Amendment did not apply to federal entities or individuals).  Under *Bivens*, there are no special factors which would warrant expansion of *Bivens* relief for any constitutional claims as to the actions of a federal judge presiding over cases.

Plaintiff advocates for expansion of *Bivens* by asserting, through his supplemental factual allegations, that his right of appeal was an inadequate alternative remedy at law, and thus special factors, which should counsel hesitation, are not present here.  See *Alba v. Montford*, 517 F.3d 1249, 1254 (11th Cir. 2008) (holding that existence of a state remedy forecloses a *Bivens* action).

Plaintiff however misunderstands the legal principle at issue.  That Plaintiff was unsuccessful in his appeal does not show that the remedy of an appeal was inadequate.  *See, e.g., Schweiker v. Chilicky,* 487 U.S. 412, 423 (1988) *(quoting Bush v. Lucas,* 462 U.S. 367, 388 (1983) (concluding that the alternatives need not "provide complete relief for the plaintiff" to counsel hesitation for expansion of *Bivens*); *Miller v. U.S. Dep't of Agr. Farm Servs. Agency*, 143 F.3d 1413, 1416 (11th Cir. 1998) (holding that special factors counsel hesitation in creating a *Bivens* remedy even when the available remedy under the APA is an "incomplete remedy"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1209 (11th Cir. 2016) (holding that habeas is an available remedy counseling hesitation even with its rules and restrictions): *Jenkins v. I.R.S.,* No. CIV.A.11:94CV796-RLV, 1994 WL 806075, at *5 (N.D. Ga. Dec. 15, 1994) (finding no *Bivens* cause of action where Congress has provided an alternative remedy, "albeit incomplete," that is a special factor counselling hesitation through the IRS code).  So long as an appeal was available to him, even if it proved ultimately unsuccessful, it nevertheless constitutes an adequate alternative remedy.  For this reason, *Bivens* should not be extended to the judicial actions taken by the court that can be addressed through a direct appeal.

Second, even assuming a cause of action existed under *Bivens*, Plaintiff's supplemental allegations do not state a violation of law by Judge Geraghty, much less one of constitutional magnitude. Rather, the proposed supplemental complaint continues to describe Plaintiff's disagreement as to the outcome of certain rulings, and the adjudication of his prior cases, but fails to establish how those events violated his constitutional rights. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (admonishing that allegations may not be "speculative" citing Federal Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's supplement to the complaint is futile because it fails to show, even with added information, a jurisdictional or legal basis for a suit of constitutional violation naming Judge Geraghty.[1]

---

[1] Likewise, the supplement to the complaint does not establish the jurisdictional basis for a breach of contract claim. *See* 28 U.S.C. § 1346(a)(2) (excepting from the scope of the FTCA "any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort"); *United States v. Smith*, 324 F.2d 622, 625 (5th Cir. 1963) ("in cases such as this, where the tort complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to waive the breach and sue in tort brings the case within the [FTCA]") (citation and internal marks omitted). This Court has jurisdiction only over contract claims as to the United States in which the amount sought is less than $10,000 under the

Third, and of equal importance, supplementing the complaint is futile because Judge Geraghty is entitled to absolute immunity. Questions of immunity are matters of law for the court to decide as early in the proceeding as possible. *See Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). Indeed, the "driving force" behind creation of the immunity doctrine is a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery."' *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In other words, it is "an immunity from suit, not simply a defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, supplementation is not only futile but thwarts this goal of the immunity doctrine.

It is well-settled that judges enjoy absolute immunity from suit for actions taken in the exercise of their judicial functions. *Butz v. Economou*, 438 U.S. 478, 508-09 (1978); *see also Imbler v. Pachtman*, 424 U.S. 409, 418, (1976). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (2005). In this case, Plaintiff's allegations pertain directly to Judge Geraghty's performance of her functions as a federal judge. The proposed supplement still pertains to

---

Little Tucker Act and which name the proper federal defendant. 28 U.S.C. § 1346(a)(2).

actions taken in overseeing and adjudicating cases brought by Plaintiff—a ruling that proceeded Plaintiff's appeal. *Forrester v. White*, 484 U.S. 219, 227 (1988) (holding that the issuance of rulings, orders and judgments are "paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court" and the application of "the doctrine of absolute judicial immunity [to these acts] has not been particularly controversial.") Accordingly, Judge Geraghty continues to enjoy absolute immunity.

## Conclusion

In sum, the motion to supplement the complaint should be dismissed as futile.

Respectfully submitted,

RYAN K. BUCHANAN
  *United States Attorney*
  *600 U.S. Courthouse*
  *75 Ted Turner Drive SW*
  *Atlanta, GA 30303*
  *(404) 581-6000   fax (404) 581-6181*

/s/NEELI BEN-DAVID
  *Assistant United States Attorney*
  Georgia Bar No. 049788
  Neeli.ben-david@usdoj.gov

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

/s/NEELI BEN-DAVID
*Assistant United States Attorney*

## Certificate of Service

The United States Attorney's Office served this document today by electronically filing it using the ECF system and by sending a copy by first class mail with sufficient postage to:

> Mr. Deandre Arnold
> 7577 Rutgers Circle
> Fairburn, GA  30213

September 8, 2023

> /s/ Neeli Ben-David
> Neeli Ben-David
> *Assistant United States Attorney*