UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEANDRE ARNOLD, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN KEMP, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:23-CV-02219-JPB |

## ORDER

This matter is before the Court on Governor Brian Kemp, Georgia Attorney General Christopher Carr, Tabitha Cooper, Judge Stephen Dillard, Judge Todd Markle, Chief Judge Amanda Mercier, Judge Sarah E. Geraghty, Charles Boring and the Judicial Qualification Commission's ("Moving Defendants") Motions to Dismiss [Docs. 30, 36, 41, 42, 53] and Deandre Arnold's ("Plaintiff") Motion to Disqualify [Doc. 40], Motion for Entry of Final Judgment [Doc. 43], Motion to Stay Dismissal [Doc. 46] and Motion to File Supplemental Complaint [Doc. 48]. This Court finds as follows:

## BACKGROUND

Plaintiff filed this action against fourteen different defendants on May 17, 2023. [Doc. 1]. Through separate motions, Moving Defendants have moved to dismiss this action. [Docs. 30, 36, 41, 42, 53].

This case arises from Plaintiff's allegations that Chief Judge Brian Amero falsified child support records, improperly declined to recuse himself from a child custody case, delayed a ruling on Plaintiff's open records case and conspired with others to delay Plaintiff's appeal. [Doc. 1, pp. 19–25]. Plaintiff further alleges that Moving Defendants failed to investigate his complaints of judicial misconduct against Judge Amero, improperly denied Plaintiff's motions and participated in a conspiracy to falsely imprison Plaintiff for failure to provide child support. See id. In his Complaint, Plaintiff brings several claims against Moving Defendants including claims for declaratory relief, breach of contract, intentional infliction of emotional distress ("IIED"), conspiracy and violations of Plaintiff's First Amendment and substantive due process rights. See id. The Complaint also seeks attorney's fees. Id. at 135–36.

## ANALYSIS

The Court first considers Plaintiff's Motion to Disqualify and then turns to the remaining motions.

### A. Motion to Disqualify

"Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455." Johnson v. Monaco, 350 F. App'x 324, 327 (11th Cir. 2009). Pursuant to § 144, a judge must recuse himself "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the

matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." § 144.  Importantly, "[t]o warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists."  Regions Bank v. Legal Outsource PA, 800 F. App'x 799, 800 (11th Cir. 2020).

The other federal statute governing recusal, § 455, provides that recusal is required in "any proceeding in which [the judge's] impartiality might reasonably be questioned."  § 455.  Under this provision, "the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  Regions Bank, 800 F. App'x at 800.

Upon review of Plaintiff's Motion to Disqualify, this Court finds that recusal is not required in this case.  As to Plaintiff's assertion that the undersigned judge should be disqualified for denying Plaintiff's "emergency [m]otion to file electronically," [Doc. 40-1, p. 1], the law is clear that disagreement with a court's rulings is an inadequate basis for recusal.  Johnson, 350 F. App'x at 327.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Regions Bank, 800 F. App'x at 800.  Further, despite Plaintiff's assertion that he "does not seek disqualification based on a judicial ruling 'alone,'" [Doc. 40-1, p. 2], Plaintiff offers no other reason for disqualification beyond disagreement with the Court's ruling.  Therefore, Plaintiff has failed to set forth

any facts showing that recusal by the undersigned judge is appropriate in this case. Moreover, the undersigned is not aware of any fact that would warrant recusal.  As a result, Plaintiff's Motion to Disqualify is **DENIED**.

**B. Moving Defendants' Motions to Dismiss**

The Court next considers Moving Defendants' Motions to Dismiss.  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  In determining whether an action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

Because Plaintiff is proceeding *pro se* in this action, the Court has an obligation to "liberally construe" his pleadings.  Sarhan v. Mia. Dade Coll., 800 F.

App'x 769, 771 (11th Cir. 2020).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action."  Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).  "[P]ro se litigants still must comply with the Federal Rules of Civil Procedure."  Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019).  As such, a *pro se* plaintiff's complaint must comply with Rule 8 by making a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Id.

Upon review, the Court finds that Plaintiff's Complaint is due to be dismissed as an impermissible shotgun pleading.  As such, the Court will not address the merits of Moving Defendants' Motions to Dismiss at this time.  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We are unwilling to address and decide serious constitutional issues on the basis of this [shotgun] complaint.  We could perhaps decide whether some of [the] claims were subject to dismissal under Rule 12(b)(6) . . . .  Piecemeal adjudication of that kind, however, does not promote judicial efficiency.").

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," which violate Rule 8's requirement that a complaint contain a short and plain statement of the claim.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  The Eleventh Circuit Court of Appeals has explained that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of

discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). Furthermore,

> [s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.

Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018). In sum, tolerating shotgun pleadings "constitutes toleration of obstruction of justice." Id. at 1357.

Typically, shotgun pleadings are characterized by any one of the following: (1) multiple counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act. McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019). These categories "do not have precise and clearly marked boundaries." Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020). Significantly, the "unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims

6

against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

The Court finds that the Complaint demonstrates several of the above characteristics and is a "quintessential 'shotgun' pleading[] of the kind [the Eleventh Circuit has] condemned repeatedly." Magluta, 256 F.3d at 1284. For instance, the Complaint repeatedly realleges and reincorporates facts and allegations from previous counts. See e.g., [Doc. 1, pp. 61, 110, 119, 124]. Further, the Complaint contains little factual support for Plaintiff's claims and the facts that are included are conclusory, vague and lacking a clear connection to any particular cause of action. By way of example, the Complaint makes conclusory allegations that Moving Defendants were part of a conspiracy and "participated in a common venture" to further the conspiracy against Plaintiff. Id. at 129. However, the Complaint alleges no facts establishing a conspiracy, "common venture" or any agreement among Moving Defendants. Lastly, the Complaint combines multiple claims against multiple Moving Defendants without specifying which Moving Defendant is responsible for each act or omission. See id. at 115, 125, 128, 132 (referring to Defendants or groups of Defendants collectively). Ultimately, Plaintiff's Complaint does not allow Moving Defendants to identify what exactly they are alleged to have done wrong and does not provide "adequate

notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it, or within twenty-one days after service of a motion under Rule 12(b).  Otherwise, the plaintiff must seek leave of court to amend.  See Fed. R. Civ. P. 15(a)(2).  "The Eleventh Circuit has specifically held that *pro se* litigants should be held to a less stringent standard with respect to their right to amend a complaint, even despite a failure to move for amendment."  Black v. Bank of Am., N.A., No. 1:15-CV-2339, 2016 WL 11570392, at *2 (N.D. Ga. Jan. 8, 2016) (citing Lee v. Alachua County, 461 F. App'x 859, 860 (11th Cir. 2012)).  Further, courts are generally required to afford a *pro se* plaintiff an opportunity to amend a pleading "where a more carefully drafted complaint might state a claim," Woodroffe v. Fla. Dep't of Fin. Servs., 774 F. App'x 553, 554 (11th Cir. 2019), "unless the plaintiff expresses a desire not to amend or an amendment would be futile," Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014).

Here, Plaintiff has filed a Motion to File Supplemental Complaint, [Doc. 48], which the Court liberally construes as a request to amend the Complaint.  Because Plaintiff has indicated that he would like to amend his Complaint, before

8

dismissing this case with prejudice, the Court will provide Plaintiff a final opportunity to amend.

At a minimum, Plaintiff's amended complaint must comply with the following instructions:

1) The amended complaint must contain a background section stating the facts relevant to all claims. The facts shall be presented in individually numbered paragraphs and presented in a logical order (which may or may not be chronological). The facts section should not contain facts that are not relevant to the claims.

2) Plaintiff must allege each cause of action, clearly identified as such, under a separate count. Underneath each count, in separately numbered paragraphs, Plaintiff must provide the relevant facts, including dates, that he believes entitle him to relief. In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action. This factual support must include the manner in which Defendants' alleged conduct is related to each cause of action.

3) Plaintiff must explicitly request the relief he seeks and must provide an explanation of why he is entitled to such relief.

4) Plaintiff is permitted to assert a single count against multiple defendants; however, Plaintiff must identify what precise conduct is attributable to each individual defendant separately in each count.

Plaintiff is notified that the amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem. In short, Plaintiff must ensure that his amendment complies with Federal Rule of Civil Procedure 8 and the directives of this Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Disqualify [Doc. 40] is **DENIED**. Plaintiff's Complaint is **HEREBY DISMISSED** without prejudice. Plaintiff may amend his complaint a final time to adequately plead a specific claim or claims within twenty-one days of the date of this Order. Plaintiff is notified that the failure to submit an amended complaint within the twenty-one-day time period will result in dismissal of the entire action with prejudice. The Clerk is **DIRECTED** to resubmit this matter in the event that an amended complaint is not filed.

In light of Plaintiff's obligation to file an amended complaint, Moving Defendants' Motions to Dismiss [Docs. 30, 36, 41, 42, 53] are **DENIED AS MOOT**. Plaintiff's Motion for Entry of Final Judgment [Doc. 43], Motion to Stay Dismissal [Doc. 46] and Motion to File Supplemental Complaint [Doc. 48] are likewise **DENIED AS MOOT**.

**SO ORDERED** this 14th day of February, 2024.

J. P. BOULEE
United States District Judge